```
                    UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF NEW YORK


In re:                                 :
                                            Docket #1:19-mj-08641-
 UNITED STATES OF AMERICA,             : UA All Defendants

                    Plaintiff,         :

   - against -                         :

 Liu, Zhongsan                         : New York, New York
                                         September 16, 2019
                    Defendant.         :
                                         PRESENTMENT HEARING
----------------------------------------:

                       PROCEEDINGS BEFORE
               THE HONORABLE JUDGE ONA T. WANG,
          UNITED STATES DISTRICT COURT MAGISTRATE JUDGE

APPEARANCES:

For Plaintiff:           U.S. Attorney's Office, SDNY
                         By:  Gillian Grossman, Esq.
                         1 St. Andrew's Plaza
                         New York, NY 10007
                         212-637-2188

For the Defendant:       Federal Defenders of New York Inc.
                         By:  Martin S. Cohen, Esq.
                         52 Duane Street - 10th Floor
                         New York, NY 10007
                         212-417-873

Transcription Service:   Carole Ludwig, Transcription Services
                         141 East Third Street #3E
                         New York, New York 10009
                         Phone:  (212) 420-0771


Interpreter Present


Proceedings recorded by electronic sound recording;
Transcript produced by transcription service
```

## **INDEX**

### **E X A M I N A T I O N S**

| **Witness** | **Direct** | **Cross** | **Re-Direct** | **Re-Cross** |
|---|---|---|---|---|
| None | | | | |

### **E X H I B I T S**

| **Exhibit Number** | **Description** | **ID** | **In** | **Voir Dire** |
|---|---|---|---|---|
| None | | | | |

```
 1                          PROCEEDINGS                        3
 2            HONORABLE ONA WANG (THE COURT):  Good
 3   afternoon -- or good evening, almost.
 4            MR. MARTIN COHEN:  Good afternoon, your Honor.
 5   Martin Cohen from the Federal Defenders on behalf of
 6   Mr. Liu.
 7            THE COURT:  Okay.  Good evening.
 8            Good evening, Mr. Liu.  Mr. Liu, are you able to
 9   speak and understand English?
10            [Colloquy through interpreter]
11            MR. ZHONGSAN LIU (THE DEFENDANT):  No.
12            THE COURT:  Okay.  Please be seated.  You can
13   stay seated.
14            All right, are you able to hear and understand
15   what the interpreter is telling you?
16            THE DEFENDANT:  Yes.
17            THE COURT:  Okay, can I have the date and time of
18   arrest, please?
19            MS. GILLIAN GROSSMAN:  Yes, your Honor.  The
20   defendant was arrested at 6:21 AM this morning in Fort Lee,
21   New Jersey.
22            THE COURT:  All right.  I am Judge Wang.  You are
23   here because you are charged with certain crimes by a
24   complaint supported by an affidavit.  Do you have a copy of
25   the complaints?
```

```
 1                         PROCEEDINGS                      4
 2            THE DEFENDANT:  No.
 3            THE COURT:  Okay.  The purpose of today's
 4   proceeding is to advise you of certain rights that you
 5   have, inform you of the charges against you, consider
 6   whether counsel should be appointed for you, and decide
 7   under what conditions, if any, you shall be released
 8   pending trial.
 9            I'm now going to explain certain constitutional
10   rights that you have.  You have the right to remain silent.
11   You are not required to make any statements.  Even if you
12   have already made statements to the authorities, you do not
13   need to make any further statements.  Any statements that
14   you do make can be used against you.  You have the right to
15   be released, either conditionally or unconditionally,
16   pending trial unless I find that there are no conditions
17   that would reasonably assure your presence at future court
18   appearances and the safety of the community.
19            If you are not a United States citizen, you have
20   the right to request that a government attorney or a law
21   enforcement official notify a consular officer from your
22   country of origin that you've been arrested.  In some
23   cases, a treaty or other agreement may require the United
24   States government to give that notice whether you request
25   it or not.
```

```
                                 PROCEEDINGS                       5
 1
 2              You have the right to be represented by an
 3   attorney during all court proceedings including this one
 4   and during all questioning by the authorities.
 5              You have the right to hire your own attorney.  If
 6   you cannot afford an attorney, I will appoint one today to
 7   represent you.
 8              Do you understand your rights as I've just
 9   explained them?
10              THE DEFENDANT:  Yes.
11              THE COURT:  I understand that you wish for me to
12   appoint counsel.  And I have before me an Affidavit of
13   Financial Condition that you have signed under penalty of
14   perjury.  Did you complete that form with the assistance of
15   Mr. Cohen today?
16              THE DEFENDANT:  Yes.
17              THE COURT:  Please be aware that you can be
18   charged with perjury for any false statements in this
19   affidavit.  Also, you must tell the Court if there is any
20   change to your financial status.
21              Please raise your right hand.
22              Do you swear or affirm that the statements made on
23   your financial affidavit are true and correct?
24              THE DEFENDANT:  Yes.
25              THE COURT:  Okay, based on the statements you
```

```
 1                        PROCEEDINGS                          6
 2   have made on your financial affidavit, I am approving the
 3   appointment of counsel.  Mr. Cohen will serve as your
 4   appointed counsel.
 5             All right, I have before me a complaint containing
 6   the charges against you in this case.  It is one count of
 7   conspiracy to commit visa fraud.
 8             Mr. Cohen, have you received a copy of the
 9   complaint?
10             MR. COHEN:  I have, your Honor.  I've reviewed the
11   complaint with Mr. Liu with the aid of a Mandarin
12   interpreter, and we waive its public reading.
13             THE COURT:  Okay, Mr. Liu, do you understand the
14   charges against you?
15             THE DEFENDANT:  Yes.
16             THE COURT:  All right, Mr. Liu, you have the
17   right to a preliminary hearing at which the government will
18   have the burden of showing that there is probable cause to
19   believe that the crime for which you are being charged have
20   been committed and that you were the person who committed
21   it.  At the hearing you or your counsel would be entitled
22   to cross-examine any witnesses and introduce evidence.
23   However, a preliminary hearing will not be held if you are
24   indicted by a grand jury before the date of a preliminary
25   hearing.  I will set the preliminary hearing date at the
```

```
 1                        PROCEEDINGS                         7
 2   conclusion of these proceedings.
 3             I'll hear next from the government as to bail,
 4   detention or release.  Is there an agreement regarding
 5   release pending trial?
 6             MS. GROSSMAN:  Your Honor, the parties have agreed
 7   on several proposed conditions for the Court's
 8   consideration with the exception of electronic monitoring,
 9   as to which there is no agreement.  May I start with the
10   agreed-upon proposed conditions?
11             THE COURT:  Please.
12             MS. GROSSMAN:  First, a $500,000 personal
13   recognizance bond cosigned by two financially responsible
14   persons; second, pretrial supervision as directed; the
15   surrender of all travel documents with no new applications;
16   and travel restricted to the Southern and Eastern Districts
17   of New York, along with the District of New Jersey.  And
18   the government is also requesting electronic monitoring.
19             THE COURT:  Okay, and Mr. Cohen or Ms. Grossman,
20   would you like to tell me where the dispute is regarding
21   electronic monitoring?
22             MR. COHEN:  Sure, your Honor.  Just to finish up
23   with the agreed-upon package would be that Mr. Liu would be
24   released today on his own signature.  The government is
25   already in possession of his passport.  And he would have
```

```
 1                        PROCEEDINGS                         8
 2  one week to satisfy the cosigner provisions.
 3            Your Honor, the dispute is essentially that in our
 4  view electronic monitoring is more restrictive than
 5  required.  Under the Bail Reform Act, the Court needs to
 6  impose the least restrictive conditions.  Mr. Liu is a 57-
 7  year-old man who's never been arrested before.  He's worked
 8  in the same place for the last 26 years; the last two years
 9  he's been in the United States.  He has absolutely zero
10  interest in going and doing anything other than to contest
11  these charges.  The penalties associated with violating the
12  bail-jumping provisions are far worse than the penalties if
13  he was convicted of the underlying offense.  The main
14  purpose for electronic monitoring is to address danger to
15  the community.  If -- there are many other ways that
16  Pretrial is able to keep track of individuals that are less
17  restrictive than electronic monitoring.  For someone of
18  Mr. Liu's background and circumstances, the Court should
19  really have no concern that the agreed-upon conditions,
20  which is a half-a-million-dollar personal recognizance bond
21  cosigned by two financially responsible people would not be
22  sufficient to reasonably assure his appearance in court as
23  required.  Electronic monitoring with a curfew does not
24  significantly add to that in any meaningful way.  And so
25  we'd urge the Court not to impose it because it's not
```

| | |
|---|---|
| 1 | PROCEEDINGS                                         9 |

2  necessary.

3             THE COURT:  Ms. Grossman?

4             MS. GROSSMAN:  Your Honor, we respectfully submit
5  that electronic monitoring is necessary here to mitigate
6  against the risk of flight.  And we disagree with
7  Mr. Cohen's characterization that its main purpose is to
8  mitigate against danger.  It does provide a disincentive to
9  flee, and it is extremely helpful in monitoring a
10 defendant's whereabouts, especially in a case like this
11 where the defendant has virtually no stable ties to the
12 United States.  He has been in this country only two years.
13 He himself acknowledged to Pretrial that all of his
14 collateral ties are in China.  His entire immediate family
15 is in China, parents, sister, child.  He's a lifelong
16 resident of China.

17            If he were to have an opportunity to return to
18 China, he would be permanently beyond the reach of the
19 government and this Court.  And importantly here, the
20 government is alleging that the defendant is a Chinese
21 government employee. And with the support of the Chinese
22 government and its virtually unlimited resources, were he
23 given an opportunity to flee, he could expect assistance in
24 avoiding prosecution in this case.  And, in the
25 government's view -- you know, unfortunately, defendants

```
 1                         PROCEEDINGS                      10
 2   can and do leave the country, even without a passport, all
 3   the time, especially defendants with the kind of
 4   international connections that this defendant has.  And so
 5   we submit that electronic monitoring is a reasonably
 6   tailored condition to mitigate against the risk of flight
 7   in this case.
 8             THE COURT:  Okay, anything else, Mr. Cohen?
 9             MR. COHEN:  No, your Honor.
10             THE COURT:  Now, what's the burden when it comes
11   to risk of flight?
12             MR. COHEN:  It's the government's burden to show
13   by a preponderance of the evidence that a person both is a
14   risk of flight and that these are the least restrictive
15   conditions to address that risk of flight.  So we already
16   have the massive personal recognizance bond and cosigner
17   conditions already that the Court has already agreed to.
18             THE COURT:  All right, but, I mean, a personal
19   recognizance bond where Mr. Liu's assets would be
20   insufficient to satisfy that --
21             MR. COHEN:  Yes.
22             THE COURT:  -- that bond; and if he were to
23   flee, there is -- I mean, I'm just wondering how that
24   operates as a burden, particularly in the time period
25   before the two cosigners are onboard.
```

2          MR. COHEN:  There are -- there are lots of things
3   that Pretrial can do to keep tabs on someone.  The
4   electronic monitoring is meant to make sure that someone
5   is home and not out getting into trouble.  It's not meant
6   to, in our view at least, doesn't do much in terms of
7   countering a risk of flight.  I think the government's
8   arguments about what the Chinese government might do in
9   the circumstances are fanciful.  You have an individual
10  who's never been arrested who's 57 years old.  It seems
11  that it's not, you know, there's -- I guess you can always
12  conjure up some concern about flight risk, but I don't
13  think it's present here.  But to answer the Court's
14  question, it's the government's burden.  Thank you.
15          MS. GROSSMAN:  Your Honor, unless the Court has
16  questions, I'll rest on my earlier proffer.
17          THE COURT:  Okay, well, I guess maybe I'd like
18  to hear more about the electronic monitoring that the
19  government seeks and how that would mitigate against risk
20  of flight.
21          MS. GROSSMAN:  Well, the electronic monitoring I
22  was envisioning, your Honor, is essentially an ankle
23  bracelet that provides location information about where
24  the defendant is.  And although the defendant --
25          THE COURT:  Wait, but do you mean by GPS

```
 1                        PROCEEDINGS                        12
 2   monitoring or --
 3            MS. GROSSMAN:  GPS monitoring.
 4            THE COURT:  -- or are you talking about a
 5   bracelet that signals when it's out of range of the home
 6   base?
 7            MS. GROSSMAN:  I was thinking of GPS monitoring,
 8   because we're not asking for home detention here, I think
 9   which is one of the reasons it is reasonably tailored.
10   We're not seeking to restrict the defendant's movements
11   more than necessary.  But GPS monitoring, frankly, there
12   aren't other strategies that Pretrial has to keep tabs on
13   someone's whereabouts as effectively.  I mean, that is --
14   it is just an accurate feed of someone's whereabouts.  And
15   no amount of phone calls or communication could possibly
16   approximate that type of knowledge.
17            And respectively [sic] we do disagree with defense
18   counsel about the role or sort of the shadow cast by the
19   Chinese government in this case.  The defendant's very
20   first call today was to a member of the Chinese consulate,
21   who he was on a first-name basis with.  And, you know, a
22   consulate is, of course, charged with providing passports
23   and travel documents to its nationals.  And we don't
24   suggest that the defendant will violate the ban on travel
25   applications, but we do point this out to show that he does
```

```
 1                         PROCEEDINGS                         13
 2  have a close relationship with the Chinese government, with
 3  its officials in this country.  And there is -- you know,
 4  that comes with access to a lot of support and resources.
 5  And I think it would certainly mitigate against the risk of
 6  flight for Pretrial to have an accurate feed on his
 7  location.
 8            THE COURT:  But I guess is there a time delay or
 9  does somebody need -- doesn't somebody need to be
10  monitoring the GPS at all times, for example, to ensure
11  that Mr. Liu isn't going to the airport at any particular
12  time?  I mean, isn't that a problem?
13            MS. GROSSMAN:  Is it a problem as to the resources
14  that are required to monitor?
15            THE COURT:  No, it's even -- I mean, how does
16  that mitigate against risk of flight unless you're saying
17  that there's going to be somebody watching the GPS location
18  monitoring 24/7?
19            MS. GROSSMAN:  I don't know that it's 24/7, but my
20  understanding is somebody does monitor it.  It may not be
21  continuous.  But I think just knowing that something is
22  tracking your location and someone may be monitoring it at
23  any moment certainly provides a disincentive.
24            THE COURT:  Okay.  Anything else to add,
25  Mr. Cohen?
```

```
 1                        PROCEEDINGS                        14
 2            MR. COHEN:  No, your Honor.
 3            THE COURT:  All right, I'm going to take a brief
 4   recess on this.
 5            (Brief recess taken.)
 6            THE COURT:  All right, we are here in an unusual
 7   circumstance where the government has consented to most but
 8   not all of the terms of release, and the only one being
 9   whether GPS monitoring is appropriate here.  The government
10   asserts that GPS monitoring is the least-restrictive
11   condition necessary to mitigate the risk of Mr. Liu's
12   nonappearance at future court proceedings.  Mr. Cohen,
13   Mr. Liu's counsel, asserts the government has not carried
14   its burden of establishing by a preponderance of the
15   evidence that Mr. Liu is a flight risk without the
16   additional condition of GPS monitoring.
17            I find here that the government has satisfied its
18   burden for the following reasons.  All of Mr. Liu's ties
19   are to China, including several close family members who
20   reside there.  And if he went to China, he would
21   permanently be out of reach of the U.S. authorities.  He
22   has no ties, whether familial, community, property based or
23   financial, to the United States or the Southern District of
24   New York.  His visa expires at the end of October.  The
25   nature of the charged offense, visa fraud, indicates, and
```

```
 1                        PROCEEDINGS                         15
 2   as was proffered on the record today, ties to the Chinese
 3   consulate and Chinese government officials.
 4              Accordingly, I am satisfied that electronic
 5   monitoring in the form of GPS monitoring is the least-
 6   restrictive additional condition that will reasonably
 7   assure Mr. Liu's appearance at future court proceedings.
 8   This finding is without prejudice to a future modification
 9   application after the cosigners have been secured on the
10   bond.
11              Accordingly, based on my review of the complaint,
12   the Pretrial Services Report, the agreement of counsel
13   where there was agreement and the arguments on the GPS
14   monitoring piece, Mr. Liu may be released on the following
15   conditions.  He may be released on his own signature, but
16   this would require also the GPS monitoring to be in place
17   before securing the two financially responsible cosigners
18   for the $500,000 personal recognizance bond; travel is
19   restricted to the Southern and Eastern Districts of New
20   York and the District of New Jersey; he is to surrender any
21   travel documents and make no new applications, to the
22   extent that has not been completed; pretrial supervision as
23   directed, with electronic monitoring in the form of GPS
24   monitoring.  Is there anything else that I missed on that
25   list?
```

```
 1                        PROCEEDINGS                    16
 2             MS. GROSSMAN:  No, your Honor.
 3             MR. COHEN:  Your Honor, just I -- I'm not sure the
 4   Court mentioned it, that Mr. Liu would have a week to
 5   secure the second cosigners?
 6             THE COURT:  Yes.  I'm sorry, yes.  And so the two
 7   financially responsible persons, the cosigners, may be
 8   secured by Monday, September 23.  Okay.  Thank you.
 9             MR. COHEN:  Thank you very much, your Honor.
10             THE COURT:  Mr. Liu, if you fail to appear in
11   court as required or if you violate any of the conditions
12   of your release, one, a warrant will be issued for your
13   arrest; two, you and anyone who signed the bond will each
14   be responsible for paying its full amount, that is,
15   $500,000; and, three, you may be charged with the separate
16   crime of bail jumping, which can mean additional jail time
17   and/or a fine.
18             In addition, if you commit a new offense while you
19   are released, in addition to the sentence prescribed for
20   that offense, you will be sentenced to an additional term
21   of imprisonment of not more than ten years if the offense
22   is a felony or not more than one year if the offense is a
23   misdemeanor.  This term of imprisonment would be executed
24   after any other sentence of imprisonment is completed.
25             While you are awaiting trial I also must warn you
```

```
 1                         PROCEEDINGS                    17
 2   not to have any contact with or engage in any intimidation
 3   of potential or designated witnesses or jurors, not to
 4   engage in any intimidation of any court officer, and not to
 5   engage in any conduct that would obstruct any investigation
 6   by law enforcement.
 7             And, finally, if you don't agree with my decision
 8   on the electronic monitoring, you have a right to appeal
 9   it.
10             What date should I set for the preliminary
11   hearing?
12             MR. COHEN:  We'd waive to the 30th day, your
13   Honor.
14             THE COURT:  Okay, that would be October 16, 2019.
15             Anything further?
16             MS. GROSSMAN:  No, your Honor.  Thank you.
17             MR. COHEN:  No.  Thank you very much, your Honor.
18             THE COURT:  Okay.  Thank you very much.
19             PRETRIAL SERVICES:  Your Honor, if I may, from
20   Pretrial Services?  Just so that we're on the same page,
21   it's my understanding that stand-alone GPS (indiscernible
22   at 20:10).
23             MS. GROSSMAN:  Yes, that is my understanding, as
24   well.
25             THE COURT:  Okay, I think that's agreed that's
```

```
 1                          PROCEEDINGS                        18
 2   the understanding of everybody here.
 3            PRETRIAL SERVICES:  Exactly, your Honor.  The
 4   location monitoring ankle bracelet (indiscernible at 22:21)
 5   Pretrial Services.  Therefore, Pretrial (indiscernible at
 6   20:30).
 7            THE COURT:  Okay.  All right.  So ordered.
 8            MR. COHEN:  Thank you, your Honor.
 9            THE COURT:  All right.  Thank you.
10            MS. GROSSMAN:  Thank you, your Honor.
11            THE COURT:  Any medical-needs orders that need to
12   be signed?
13            MR. COHEN:  No.  He's going to be released on his
14   own signature now.
15            THE COURT:  No, because the bracelet can't be
16   fitted until tomorrow morning.
17            MR. COHEN:  Oh, sorry, your Honor.  No, the Court
18   need not -- Mr. Liu does not need to be incarcerated
19   tonight in order to assure his appearance tomorrow.  He is
20   going to be -- he'll cosign his bond; the government has
21   his passport.  He'll be back tomorrow morning.  He can
22   report at 10:00 AM to have the ankle bracelet put on at
23   that time.  It's not necessary that he be detained.
24   It's --
25            THE COURT:  Why don't I take a brief, five-
```

```
                          PROCEEDINGS                      19
```

1
2  minute adjournment to see if you can work something out
3  and see what can be worked out, okay?
4              (Brief recess taken.)
5              THE COURT:  All right, please be seated.
6              Okay, do we have a report?
7              MS. GROSSMAN:  Yes, your Honor.  The parties have
8  agreed that the defendant may be released on his own
9  signature tonight but must report tomorrow morning to
10 Pretrial in order to have the GPS monitoring implemented.
11             THE COURT:  Okay.  All right, I accept the
12 agreement.
13             Is there anything else we do need to do today?
14             MS. GROSSMAN:  No, your Honor.  Thank you.
15             MR. COHEN:  No.  Thank you very much, your Honor.
16             THE COURT:  Okay, should I put 10:00 AM or
17 another time for appearing tomorrow?
18             MR. COHEN:  No, 10:00 AM is fine.  Thank you.
19             THE COURT:  Okay.  All right.  Thank you.  We're
20 adjourned.
21             (Whereupon, the matter is recessed.)
22
23
24
25

```
 1                                                              20
 2
 3                      C E R T I F I C A T E
 4
 5          I, Carole Ludwig, certify that the foregoing
 6  transcript of proceedings in the case of United States of
 7  America v. Liu, Zhongsan, Docket #19-mj-08641-UA All
 8  Defendants, was prepared using digital transcription
 9  software and is a true and accurate record of the
10  proceedings.
11
12
13
14                     Carole Ludwig
15          Signature_____
16                    Carole Ludwig
17
18
19          Date:    September 30, 2019
20
21
22
23
24
25
```