**JUDGE CAPRONI**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA          :
                                  :
        - v. -                    :     INDICTMENT
                                  :
ZHONGSAN LIU,                     :   **19 CRIM 804**
                                  :
            Defendant.            :
- - - - - - - - - - - - - - - - - -X

**COUNT ONE**
(Conspiracy to Commit Visa Fraud)

The Grand Jury charges:

1.  From in or about 2017, up to and including in or about September 2019, in the Southern District of New York and elsewhere, ZHONGSAN LIU, the defendant, and others known and unknown, knowingly combined, conspired, confederated, and agreed together and with each other to commit an offense against the United States, to wit, Title 18, United States Code, Section 1546(a).

2.  It was a part and an object of the conspiracy that ZHONGSAN LIU, the defendant, and others known and unknown, knowingly made under oath, and under penalty of perjury under Title 28, United States Code, Section 1746, knowingly subscribed as true, false statements with respect to material facts in applications, affidavits, and other documents required by the immigration laws and regulations prescribed thereunder, and knowingly presented such applications, affidavits, and other documents which contained

such false statements and which failed to contain any reasonable basis in law and fact, to wit, LIU participated in a scheme to submit to the U.S. Department of State information in support of visa applications for employees of the government of the People's Republic of China (the "PRC Government") that LIU knew contained materially false and fraudulent statements.

## Overt Acts

3.  In furtherance of the conspiracy and to effect the illegal object thereof, ZHONGSAN LIU, the defendant, and his co-conspirators committed the following overt acts, among others, in the Southern District of New York and elsewhere:

a.  On or about February 6, 2018, LIU traveled through Manhattan to a particular U.S. university in Massachusetts in order to arrange for that university to sponsor a visa for a PRC Government employee to come to the United States as a visiting research scholar, when, in truth and in fact, the PRC Government employee's primary purpose in the United States would consist of working full-time for the PRC Government rather than conducting research at the sponsoring university.

b.  On or about July 17, 2018, LIU placed a phone call to his colleague, a PRC Government employee, and instructed her to visit a particular U.S. university in order to bolster the false

2

impression that his colleague was conducting research at the university in compliance with her visa requirements, rather than working full-time for the PRC Government in the United States.

c.     On or about November 21, 2018, LIU met with a PRC Government official at the PRC Government's Consulate General in Manhattan to provide information and receive advice regarding the procurement of a U.S. visa for a PRC Government employee.

(Title 18, United States Code, Section 371.)

## FORFEITURE ALLEGATION

4.     As a result of committing the offense alleged in Count One of this Indictment, ZHONGSAN LIU, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(6), all conveyances, including any vessel, vehicle, or aircraft, used in the commission of said offense; all property, real and personal, that constitutes or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense; and all property, real or personal, that was used to facilitate, or was intended to be used to facilitate, the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

3

## **Substitute Assets Provision**

5.    If any of the above-described forfeitable property, as
a result of any act or omission of the defendant:

> a.    cannot  be  located  upon  the  exercise  of  due
> diligence;
>
> b.    has been transferred or sold to, or deposited with,
> a third person;
>
> c.    has  been  placed  beyond  the  jurisdiction  of  the
> Court;
>
> d.    has been substantially diminished in value; or
>
> e.    has  been  commingled  with  other  property  which
> cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United
States Code, Section  853(p) and Title 28, United States Code,
Section 2461(c), to seek forfeiture of any other property of the
defendant up to the value of the above forfeitable property.

> (Title 18, United States Code, Section 982;
> Title 21, United States Code, Section 853; and
> Title 28, United States Code, Section 2461.)

FOREPERSON

Geoffrey S. Berman
GEOFFREY S. BERMAN
United States Attorney

4

Form No. USA-33s-274 (Ed. 9-25-58)

---

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA**

v.

**ZHONGSAN LIU,**

**Defendant.**

---

**INDICTMENT**

19 Cr.

(18 U.S.C. §§ 371, 1546)

GEOFFREY S. BERMAN
United States Attorney

*Foreperson*

11/12/19
(CA)

*INDICTMENT FILED*
*WHERE A- DJ CAPRONI*
*KN PARKER*
*USDJ*