UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

        - v. -

ZHONGSAN LIU,

                Defendant.
- - - - - - - - - - - - - - - - - -X

SUPERSEDING
INDICTMENT

S1 19 Cr. 804 (VEC)

## COUNT ONE
(Conspiracy)

The Grand Jury charges:

1. From in or about 2017, up to and including in or about September 2019, in the Southern District of New York and elsewhere, ZHONGSAN LIU, the defendant, and others known and unknown, knowingly combined, conspired, confederated, and agreed together and with each other to defraud the United States of America and agencies thereof, to wit, the Department of State (the "State Department") and the Department of Homeland Security ("DHS"), and to commit offenses against the United States, to wit, violations of Title 18, United States Code, Section 1546(a).

2. It was a part and an object of the conspiracy that ZHONGSAN LIU, the defendant, and others known and unknown, would and did defraud the United States by impairing, obstructing, and defeating the lawful functions of the State Department and DHS, to wit, the State Department's function to enforce the requirement

that foreign nationals seeking entry into the United States provide truthful and accurate information to the government, and the State Department's and the Department of Homeland Security's functions to administer the J-1 exchange visitor program based on truthful and accurate information regarding J-1 visa holders' activities in the United States.

3. It was further a part and an object of the conspiracy that ZHONGSAN LIU, the defendant, and others known and unknown, would and did obtain visas knowing such visas to have been procured by means of any false claim or statement, and to have been otherwise procured by fraud or unlawfully obtained, in violation of Title 18, United States Code, Section 1546(a), to wit, LIU participated in a scheme to obtain visas for employees of the government of the People's Republic of China (the "PRC Government") by causing and attempting to cause the submission to the State Department of false and fraudulent information.

**Overt Acts**

4. In furtherance of the conspiracy and to effect the illegal objects thereof, ZHONGSAN LIU, the defendant, and his co-conspirators committed the following overt acts, among others, in the Southern District of New York and elsewhere:

a. On or about February 6, 2018, LIU traveled through Manhattan to a particular U.S. university in Massachusetts in order to arrange for that university to sponsor a visa for a PRC Government employee to come to the United States as a visiting research scholar, when, in truth and in fact, the PRC Government employee's primary purpose in the United States would consist of working full-time for the PRC Government rather than conducting research at the sponsoring university.

b. On or about July 17, 2018, LIU placed a phone call to his colleague, a PRC Government employee, and instructed her to visit a particular U.S. university in order to bolster the false impression that his colleague was conducting research at the university in compliance with her visa requirements, rather than working full-time for the PRC Government in the United States.

c. On or about November 21, 2018, LIU met with a PRC Government official at the PRC Government's Consulate General in Manhattan to provide information and receive advice regarding U.S. visas for PRC Government employees.

(Title 18, United States Code, Section 371.)

**FORFEITURE ALLEGATION**

5. As a result of committing the offense alleged in Count One of this Indictment, ZHONGSAN LIU, the defendant, shall forfeit

3

to the United States, pursuant to Title 18, United States Code, Section 982(a)(6), all conveyances, including any vessel, vehicle, or aircraft, used in the commission of said offense; all property, real and personal, that constitutes or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense; and all property, real or personal, that was used to facilitate, or was intended to be used to facilitate, the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

### Substitute Assets Provision

6.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third person;

    c.  has been placed beyond the jurisdiction of the Court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be subdivided without difficulty;

4

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 982;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

_____  1/22/20
FOREPERSON

_____
GEOFFREY S. BERMAN
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA**

v.

**ZHONGSAN LIU,**

　　　　　　　　　　　　　　　Defendant.

---

**SUPERSEDING INDICTMENT**

S1 19 Cr. 804 (VEC)

(18 U.S.C. §§ 371, 1546)

GEOFFREY S. BERMAN
United States Attorney

*/s/ [signature]* 1/22/20
Foreperson

---

1/22/2020　Filed Superseding Indictment

USMJ Gorenstein

MG