LAW OFFICES OF
## WONG, WONG & ASSOCIATES, P.C.

| | | |
|---|---|---|
| RAYMOND H. WONG * <br> VALERIE Y. C. WONG * <br> _____ <br><br> ROBERT JUN ‡ <br> PAUL ANDERSON GILMER * <br> NATALYA RUTCHYK * <br> VICKY C. MAO ‡ <br> DOUGLAS DOOLING, JR. ° <br> PETER E. SOCKLER, JR. # <br> YAEL KLAUSNER * | 150 BROADWAY, SUITE 1588 <br> NEW YORK, NY 10038 <br> PHONE: (212) 566-8080 <br> FACSIMILE: (212) 566-8960 | NEW JERSEY OFFICE <br> 12 ROSZEL RD, STE A102 <br> PRINCETON, NJ 08540 <br> PHONE: (609) 520-1668 <br> FACSIMILE: (609) 520-1168 |

\* MEMBER NY & NJ BARS
‡ MEMBER NY BAR
\# MEMBER NJ BAR
° MEMBER NY, NJ, MA & DC BARS

June 1, 2020

**<u>Via ECF</u>**
The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

   Re: *United States v. Zhongsan Liu, S1 19 Cr. 804 (VEC)*

Dear Honorable Judge Caproni:

  Defendant is writing to respectfully request an adjournment of the deadline on June 8, 2020 by which Defense must file pretrial motions in the above-referenced matter.

  Defendant Zhongsan Liu was arrested in September of 2019. A 24/7 surveillance order was thereafter issued against Mr. Liu. This included a bodily surveillance device as well as having to obtain approval from the Government to travel. In November of 2019, the Government began to provide voluminous discovery documents to the Defendant and Defendant's counsel in several different batches. Importantly, the Government's discovery production is still on going. The Government notified Defendant of their intention to introduce 404 (b) evidence against the Defendant at trial on May 8th, 2020. Neither Defendant nor his counsel have received any documentation or witness list from the Government regarding this matter.

  The nature of the discovery documents and the Defendant's plan to file pre-trial motions require Defendant to travel to his counsel's office located in downtown Manhattan from his

residence in New Jersey to prepare a sufficient defense. In light of the state of emergencies, and subsequent lock down policies issued by both New Jersey and New York to address the COVID-19 pandemic, Defendant and his counsel have not been able to meet in person since late March of this year.

In addition, the communications with Defendant to prepare for pre-trial motions involve sensitive information that was classified as confidential. This court issued a protective order on December 2019 to ensure confidentiality. It is impossible for counsel to communicate with the Defendant in a secured manner except for in-person meetings at counsel's office. With the ongoing lockdown policy in New York and New Jersey, in addition to the 24/7 surveillance order levied against the Defendant, the preparation for pretrial motions has been extremely difficult with no-communications with Defendant on anything substantive[1]. On May 5th the Government requested a two (2) month adjournment of the trial date due to the difficulty in preparing a trial during the current national emergency. Defendant consented to the request and the Court ordered on May 6th that it may *sua sponte* reset the trial date should it determine that pandemic-related restrictions have sufficiently lifted. Defendant does not seek an adjournment of the future trial date[2].

In light of the aforementioned reasons, Defendant respectfully requests the Court to grant a sixty (60) day extension to defendant's pre-trial motions deadline to August 7th, 2020[1]. The Government has indicated that they are not in opposition to Defendant's request for the adjournment.

Respectfully submitted,

 /s/ Valerie C. Wong
Valerie C. Wong
*Attorney(s) for Defendant*
Wong, Wong & Associates, P.C.
150 BROADWAY, SUITE 1588
NEW YORK, NY 10038
PHONE: (212) 566-8080
FACSIMILE: (212) 566-8960

---

1. Defendant and his counsel are aware of the re-open policy recently issued by New York Governor Cuomo and will gradually reopen counsel's office starting on June 8th, 2020.
2. This Court ordered that the Government had 30 days to respond to Defendant's pre-trial motions; Defendant does not seek to alter Government's responding time.