## LAW OFFICES OF
## WONG, WONG & ASSOCIATES, P.C.

RAYMOND H. WONG *
VALERIE Y. C. WONG *

_____

PAUL GLIMER
NATALYA RUTCHYK *
DOUGLAS DOOLING, JR. °
YAEL KLAUSNER *
PETER E. SOCKLER, JR. #
VICKY C. MAO ‡


\* MEMBER NY & NJ BARS
‡ MEMBER NY BAR
\# MEMBER NJ BAR
° MEMBER NY, NJ, MA & DC BARS

150 BROADWAY, SUITE 1588
NEW YORK, NY 10038
PHONE: (212) 566-8080
FACSIMILE: (212) 566-8960

NEW JERSEY OFFICE
12 ROSZEL RD, STE A102
PRINCETON, NJ 08540
PHONE: (609) 520-1668
FACSIMILE: (609) 520-1168

September 2, 2020

**Via ECF**
The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

Re:   *United States v. Zhongsan Liu, S1 19 Cr. 804 (VEC)*

Dear Honorable Judge Caproni,

   We are writing in response to the letter filed by the Government on September 1, 2020 in order to correct certain misstatements in their letter about our August 28, 2020 letter to Your Honor as well as their misinterpretation of the case law they cited in their September 1, 2020 letter regarding their *Ex Parte* CIPA motion currently pending before Your Honor.

   *First*, we do not object to the Government's withdrawal of its application for the exclusion of time, not only because we previously consented, but also as Your Honor clearly indicated, it is authorized under 18 U.S.C. §3161(h)(1)(d). However, my understanding is, the time excluded is until the date our pretrial motions are decided by Your Honor, not the specific date of November 10, 2020 as was stated in the Government's letter, nor is it because of their pending CIPA motion.

   *Second*, the Government mischaracterized my August 28, 2020 letter to Your Honor, my letter and the exhibit attached thereto speak for themselves. The Government did not deny that, over a period of less than eight months while our nation was hit with the unprecedented COVID-19 pandemic, the defense team was provided with nine additional batches of discovery in addition to what was provided in 2019, all given in a piece meal fashion. This manner of production created an extra burden on the defense team, especially during the COVID-19 period.

*Third*, it is interesting that the Government "notes" in this letter to Your Honor that "the Rule 16 discovery in this case does not include any classified materials that would require a security clearance to review." The Government then cites *United States v. Al Farekh*, 956 F. 3d 99, 109 (2d Cir. 2020), to support their position that because the pending CIPA motion was filed *Ex Parte*, Mr. Meyer would automatically not have access to this MOTION even after he receives a clearance. This is a misuse of the holding for the case cited. According to *Al Farekh*, a Section 4 CIPA motion filed '*Ex Parte*, *in camera review* can be an appropriate procedure for district judges to rely upon when called to handle '**particularly sensitive documents,**' and such hearing shall be held only if 'the Attorney General certifies to the court that a public proceeding may result in the disclosure of **classified information**'. In another words, before such an *Ex Parte* CIPA motion is filed requesting *in camera review* of "particularly sensitive documents", the Government has an affirmative duty to obtain a certification from the Attorney General to certify that the "particularly sensitive documents" are classified in nature to such an extent that would require protection against unauthorized disclosure for reasons of national security. As mentioned, the Government "notes" there is no such classified materials involved in the case here, and, clearly, the Government never obtained nor submitted any certification from the Attorney General certifying there is any classified information that needs the kind of protection that Congress intended under Section 4. Therefore, the Government *Ex Parte* CIPA motion shall be denied in its entirety.

        Respectfully submitted,

        ___/s/ Valerie Y.C. Wong__
        Valerie Y.C. Wong
        *Attorney(s) for Defendant*
        Wong, Wong & Associates, P.C.
        150 Broadway, Suite 1588
        New York, NY 10038
        Phone: (212) 566-8080

cc: United States Attorney for the Southern District of New York (By ECF)