**MEMO ENDORSED**

LAW OFFICES OF
# WONG, WONG & ASSOCIATES, P.C.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__9/16/21____

RAYMOND H. WONG *
VALERIE Y. C. WONG *

_____

PAUL ANDERSON GILMER *
NATALYA RUTCHYK *
DOUGLAS DOOLING, JR. °

* MEMBER NY & NJ BARS
° MEMBER NY, NJ, MA & DC BARS

150 BROADWAY, SUITE 1588
NEW YORK, NY 10038
PHONE: (212) 566-8080
FACSIMILE: (212) 566-8960

NEW JERSEY OFFICE
12 ROSZEL RD, STE A102
PRINCETON, NJ 08540
PHONE: (609) 520-1668
FACSIMILE: (609) 520-1168

September 16, 2021

**_VIA EMAIL_**
The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

Re:    **United States v. Zhongsan Liu, 19 Cr. 804 (VEC)**

Dear Judge Caproni:

I write on behalf of defendant Zhongsan Liu to respectfully request a temporary modification of his pretrial release conditions to allow him to travel to China to attend his father's funeral in the city of Qingdao. Mr. Liu's father died on August 27, 2021, and as the only son, Mr. Liu would conduct the funeral rites. Mr. Liu's mother is also in poor health, and it would be of great comfort to her to be allowed to see her son at the funeral. The government opposes this request.

In the approximately two years since his arrest in September 2019, Mr. Liu has been under house arrest and required to wear an ankle monitor, and has complied with every restriction regarding his confinement (he is also subject to a $500,000 personal recognizance bond). In returning to China, he would first have to quarantine in Shanghai for 28 days, and upon completion of quarantine he would be attend the funeral in Qingdao and then return ot the United States. If this request is granted we will, of course, provide a more detailed itinerary and the exact locations of Mr. Liu's planned movements as the arrangments are finalized.

Judges in this District and in the Eastern District of New York have granted permission for defendants under indictment to return to their home countries temporarily for humanitarian

reasons. In *United States v. Johnson*, 16 Cr. 457 (EDNY), Judge Garaufis permitted the defendant to travel to England for a period of weeks while he was released on a $1 million secured and co-signed bond awaiting trial, and again between conviction and sentencing. In another case, *United States v. Murray Huberfeld et ano.*, S2 16 Cr. 467, Judge Liman in this District permitted the defendant to travel to Israel for his mother's burial after posting a $1 million bond. In a third case, *United States v. Boustani*, 18 Cr. 681 (EDNY), Judge Kuntz permitted a defendant (Pearse), who was otherwise on strict travel restrictions, a curfew, and subject to electronic monitoring, to return to the United Kingdom for six weeks to care for his wife after she suffered a serious injury in an accident. (*See* Exhibit A attached (excerpt of trial testimony regarding this travel)). In all three cases, the travel occurred without incident.

Mr. Liu considers the charges against him here to be extremely serious, and in no way discounts their importance to the Court or the parties. However, it is important to note that the charges here, while significant, do not carry with them the near-certainty (if a conviction results) of incarceration that accompanies many prosecutions in this District. The applicable Guidelines range for the charged visa fraud conspiracy, even if Mr. Liu were to be convicted at trial, is zero to six months at offense level eight. In other words, Mr. Liu has a substantial incentive to return as directed to Court to face these charges, since a trial in this matter may result in an acquittal that would restore his reputation, and even if it results in a conviction, may result in a non-incarcerative sentence. The burdens of being a fugitive, with the attendant permanent reputational harm and practical restrictions on a fugitive's liberty, we respectfully submit, create a significant disincentive for a person in Mr. Liu's circumstances to fail to return from this brief period of bereavement travel.

We consulted with the government regarding this request, and the government requested that we note in our letter to the Court that the government opposes the request.

Mr. Liu has already served approximately two years on home detention with electronic monitoring—restrictions that themselves would constitute a sentence comfortably withing the Guidelines range for the offense charged. The death of a parent is always a significant and sorrowful event, but its effect is magnified for any person denied the opportunity to attend the funeral. We respectfully request that this application be granted.

Sincerely,

_____/s/_____.

Paul A. Gilmer, Esq.

Application DENIED.  The Court
expresses its condolences to Mr. Liu on
the passing of his father.

SO ORDERED.

9/16/21

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE