Filed with the Classified
Information Security Officer
CISO ~~~~~~~~~~
Date December 14, 2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
:
UNITED STATES OF AMERICA :
:
- v. - : 19-CR-804 (VEC)
:
ZHONGSAN LIU, : OPINION & ORDER
:
Defendant. :
------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

On October 23, 2020, Defendant Zhongsan Liu, who is charged with one count of conspiracy to commit visa fraud and to defraud the United States government in violation of 18 U.S.C. §§ 371 and 1546(a), filed a motion to suppress evidence obtained pursuant to the Foreign Intelligence Surveillance Act of 1978 ("FISA"), 50 U.S.C. §§ 1801–1812. *See* Not. of Mot., Dkt. 73. The Government filed an omnibus memorandum in opposition to that motion and several others on December 21, 2020, and Mr. Liu replied on February 1, 2021. *See* Dkts. 90, 106. In support of its memorandum in opposition, the Government provided the Court with a classified supplement to its memorandum. *See* Ex. A, Dkt. 90-1. In compliance with the FISA statute, the Court has reviewed the Government's classified submission *in camera* and *ex parte*. 50 U.S.C. § 1806(f). For the following reasons, Mr. Liu's motion to suppress FISA-obtained evidence is DENIED.[1]

---

[1] An unredacted copy of this opinion has been provided to the U.S. Attorney's Office. Prior to filing this opinion publicly, the Court provided a copy to the Classified Information Officer, with direction to circulate that copy to equity holders in the Government in order to identify material subject to classification and redaction within 14 days.

1

## BACKGROUND

On January 22, 2020, Zhongsan Liu was charged in a superseding indictment (S1 19 Cr. 804) with one count of conspiracy to defraud the United States and to commit visa fraud. *See* Dkt. 43. For purposes of this order, the Court assumes readers' familiarity with the additional facts of the case and recounts only those facts relevant to the evidence obtained under FISA.



████ Gov. Opp. at 6; Sealed Exs. 8–9. ████

████ . Gov. Opp. at 75; Propersi Decl. ¶ 8, Sealed. Ex. 3. ████

████ *See* Sealed Exs. 8–9. During that search, the Government collected physical evidence, which it does not intend to use at trial.[2] Gov. Opp. at 75.

Mr. Liu now seeks suppression of all evidence obtained pursuant to FISA and a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978). Not. of Mot. at 1.

---

[2] Because the Government does not intend to use any evidence seized during the search of Mr. Liu's residence, *see* Gov. Opp. at 75, ████

2

I.    Legal Standard

To determine whether evidence was lawfully collected pursuant to FISA, a reviewing district court must consider: (1) whether the certification by the Executive Branch in support of the FISA application was properly made; (2) whether the application established probable cause; and (3) whether the collection followed proper minimization procedures. *United States v. Abu-Jihaad*, 630 F.3d 102, 130–31 (2d Cir. 2010).

Certifications made in support of FISA applications are "subject[ ] only to minimal scrutiny." *United States v. Badia*, 827 F.2d 1458 (11th Cir. 1987). The district court need only determine whether the certifications were made in accordance with FISA's stated requirements. *United States v. Campa*, 529 F.3d 980, 993–94 (11th Cir. 2008). For the second factor — the probable cause evaluation — the Second Circuit has not made clear whether *de novo* review is required or whether the FISC determination is entitled to due deference. Courts in this Circuit tend to give the FISC's determination due deference, *see, e.g.*, *United States v. Chi Ping Ho*, No. 17-CR-779, 2018 WL 5777025, at *6 (S.D.N.Y. Nov. 2, 2018), but the Court will apply both standards for the sake of thoroughness. *Abu-Jihaad*, 630 F.3d at 130. Overall, FISA applications, like their underlying certifications, are subject to "minimal scrutiny by the courts." *Id.* (quotation marks and internal citation omitted).

II.    The FISA-Derived Evidence Was Lawfully Obtained

Mr. Liu attacks the Government's FISA-derived evidence on each prong that this Court must review. On the first prong, he argues that the Government submitted a false certification in support of its FISA applications. Def. Mem. at 14–15, Dkt. 75; Def. Reply at 32–33, Dkt. 106. On the second, in a somewhat overlapping argument, Mr. Liu contends that the Government improperly used the FISA process to gather evidence for a criminal investigation and that the

3

Government cannot demonstrate that a significant purpose of its surveillance was to gather foreign intelligence information. Def. Mem. at 7–13; Def. Reply at 12. Finally, Mr. Liu also argues that the FBI did not follow required minimization procedures. Def. Mem. at 13–17; Def. Reply at 12. The Court addresses each prong in turn.

### A. The Government's Certifications Comply with FISA

Mr. Liu contends that the Government submitted a false certification to the FISC by referring to Mr. Liu as an "unregistered foreign agent" or "unregistered agent of a foreign power," even though he was in the United States on an L-1A visa. Def. Mem. at 14. ▮



Gov. Opp. at 34. ▮

. *Id.* at 45 (citing 50 U.S.C. §§ 1804(a)(6)(A)–(C)); Sealed Exs. 8–9; Def. Reply at 13.

For reasons that are clear from the Government's sealed exhibits, referring to Mr. Liu as an "unregistered foreign agent" did not render the Government's certification(s) false. The Government supported its assertion that ▮

Gov. Opp. at 35–37. The FBI presented facts that support its belief that ▮

4

██████████████████████████████████████

██████████████████████████████

████████████████████████. *Id.* at 38–40. ████

████ ████ ██ ████ *See* Def. Mem. at 1. ████ ████

██████████████████████████████████████

██████████████████████████████████████

████ ████ ██████████ ██ ████ The Government's descriptions of Mr. Liu were, therefore, appropriate, regardless of the type of visa he used to enter the country.[3]

To demonstrate that there was probable cause to believe that foreign intelligence information would be collected ██████████████████████████

████████████████████████████████ ██ ██ ████. Gov. Opp. at 41–44.[4]

Under a due deference standard, there is no reason to question the FISC's evaluation of the evidence presented in the applications and their underlying certifications. Under *de novo* review, the Government presented ample evidence that ████████████████

████████████████████████████████████, *Abu-Jihaad*, 630 F.3d at

---

[3] 
Rubens Letter 1–2, Sealed Ex. 7. *Id.* at 2.

[4] Mr. Liu does not directly argue, but implies in passing, that the FISA applications lacked probable cause for the same reasons that the certifications were improper. *See, e.g.,* Def. Mem. at 5, 15, 17. For substantially the same reasons that the Court finds the certifications were proper, the Court also finds that there was probable cause to support FISA surveillance.

130; *see generally* Sealed Exs 8–9, ███████████████████████████████

███████████████████████████████████████████████, the Government made the requisite showing to obtain the FISA orders permitting the surveillance that generated the evidence that the Government wishes to introduce during Mr. Liu's criminal case.

### B. The Government Satisfied the "Significant Purpose" Test

Because the Government established probable cause to believe tha████████████

███████████████████████████████████████ ███████, the Government also established that it was seeking foreign intelligence information; that the collection of foreign intelligence information was a "significant purpose" of its applications; and that standard investigative techniques were inadequate to obtain the foreign intelligence information the Government was seeking. Gov. Opp. at 46–47.

Mr. Liu argues (1) that the Government sought information related only to ordinary, not foreign intelligence-related, crimes; and (2) that the Government cannot demonstrate that collection of foreign intelligence was a "significant purpose" of its FISA applications. Def. Mem. at 7–13. The Government has made an appropriate showing on both issues.

Mr. Liu's visa status notwithstanding, the Government adequately demonstrated that

████ ███████████████████████████████████████████████████████

████████████████████ █████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

██████████████████████████ Gov. Opp. at 60, 63; Kohler Decl., ¶¶ 23, 25, 27–28, Sealed Ex. 2; Propersi Decl. ¶ 6. The Government has more than adequately demonstrated that the purpose of the FISA surveillance was to gather foreign intelligence.

6

The fact that the criminal complaint ultimately pursued against Mr. Liu did not allege international terrorism or a security threat does not undercut the legality of the FISA orders. Def. Mem. at 12. The Government's certifications presented clear foreign intelligence objectives.

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███ Gov. Opp. at 60, 62. That other crimes may have been uncovered or investigated during the course of the FISA-authorized surveillance does not mean that collecting foreign intelligence was not a significant purpose of the surveillance, nor does it mean that the Government was inappropriately using FISA to conduct a routine criminal investigation. In fact, under the precedent Mr. Liu cites, *see* Def. Mem. at 7, if the Government uncovers an ordinary crime while conducting FISA-authorized surveillance, it may pursue and prosecute that crime. While FISA "cannot be used as a device to investigate wholly unrelated ordinary crimes," *In re Sealed Case*, 310 F.3d 717, 731, 736 (F.I.S.C. Rev. 2002), the statute does not require the Government to close its eyes to evidence it lawfully collects pursuant to FISA-authorization that is relevant to a criminal investigation. Nothing in the underlying FISA applications or certifications suggests that the Government's goal was to gather evidence for a criminal prosecution as opposed to ███████████████████████████████████. *Id.* at 735. In short, the Government has easily demonstrated that at least *a* significant purpose, if not the entire purpose, of its FISA applications was to collect foreign intelligence information.

### C. The Government Used Appropriate Minimization Procedures and, Where It Did Not, Mr. Liu Cannot Show Prejudice

Because the FISA information was lawfully acquired, whether the surveillance was lawfully conducted depends on whether the Government followed the relevant minimization procedures. 50 U.S.C. § 1806(e)(2). The relevant standard minimization procedures ("SMPs")

7

allow the FBI to minimize its collection at all stages of the surveillance. Gov. Opp. at 49; *see generally* Sealed Ex. 5 (certified copy of SMPs for FISA-based electronic surveillance and physical searches).  Gov. Opp. at 71–72; Propersi Decl. ¶ 24. Gov. Opp. at 73; *see* SMP § III.D.5.a Gov. Opp. at 73.

this was a *de minimis* violation that caused Mr. Liu no prejudice. Accordingly, it is not a basis to suppress the results of the FISA surveillance.

**III.   The Motion To Suppress the Results of the Search of Mr. Liu's Home is Moot**

Mr. Liu objects to the use of physical evidence seized during a search of his home on January 23, 2018, and to the lack of notice from the Government of its intent to use evidence seized during that search. Def. Mem. at 17–23. The Government has represented that it will not use any information or evidence seized during the January 23, 2018 search at trial. Gov. Opp. at 75; Propersi Decl. ¶ 8. Mr. Liu acknowledges that the Government "indicated that only electronically surveilled evidence would be used." Def. Mem. at 2 n.1. The Court, therefore,

need not reach the question of whether that search violated Mr. Liu's Fourth Amendment rights; Mr. Liu's motion to suppress is moot because no evidence seized during the search is being used against him. ▮

▮

▮ In short, Mr. Liu's motion to suppress evidence seized during the 2018 search of his home is dismissed as moot.[5]

IV. **Mr. Liu Has Not Made the Appropriate Showing for a *Franks* Hearing**

A defendant seeking a *Franks* hearing must make a "substantial preliminary showing" that the affiant deliberately or recklessly included false statements or failed to include material information in the affidavit, and that the affiant's conduct resulted in a misrepresentation that was essential to the probable cause finding. *Franks*, 438 U.S. at 155–56. Mr. Liu has made no such showing here. Instead, he offers conclusory statements that the FISA applications contained "possible misrepresentations." Def. Mem. at 17. In particular, he repeats his assertion that the Government incorrectly labeled him an "unregistered foreign agent" or "unregistered agent of a foreign power." *Id.* at 14. ▮

▮

▮ Other than that, Mr. Liu has not made a showing that there were any materially false statements or omissions that could have affected the FISC's

---

[5] Mr. Liu did not move to disclose the FISA materials and mentioned for the first time in his Reply that he "is permitted to request . . . discovery of materials relating to electronic surveillance." Def. Reply at 15. Because Mr. Liu did not raise this argument in his FISA motion, ▮
▮ Gov. Opp. at 76–80; *see, e.g.*, Barr Decl. ¶ 5, Sealed Ex. 1; Kohler Decl. ¶¶ 31, 59.

determination to grant the various applications. Accordingly, Mr. Liu's motion for a *Franks* hearing is denied.

## CONCLUSION

For the reasons stated above, Mr. Liu's motion to suppress is DENIED in its entirety.

**SO ORDERED.**

Date: December 14, 2021
New York, NY

VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE