```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
 UNITED STATES OF AMERICA,                                    :
                                                              :
                                         Plaintiff,           :
                                                              :
                     -against-                                :
                                                              :
 ZHONGSAN LIU,                                                :
                                                              :
                                         Defendant.           :
------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __2/14/22__

19-CR-804 (VEC)

OPINION & ORDER

VALERIE CAPRONI, United States District Judge:

Defendant Zhongsan Liu is charged with one count of conspiracy to defraud the United States of America and to commit visa fraud in violation of 18 U.S.C. § 371. Although the Court previously denied Mr. Liu's motion to dismiss the Superseding Indictment, *see* Dkt. 119, Mr. Liu has moved again to dismiss it, or in the alternative, for a bill of particulars and to compel discovery. *See generally* Not. of Mot., Dkt. 132. The Government opposes the motion. *See generally* Gov. Opp., Dkt. 137. For the reasons that follow, Mr. Liu's motion is DENIED.

## BACKGROUND

On or about March 18, 2017, Mr. Liu entered the United States on an L-1A visa to serve as the head of the New York/New Jersey office of the China Association for International Exchange of Personnel ("CAIEP"). *See* Compl., Dkt. 1; Def. Mem., Dkt. 132 at 2–3. Approximately two and a half years later, he was indicted for conspiracy to commit visa fraud. *See* Dkt. 21. On January 22, 2020, Mr. Liu was charged in a superseding indictment that added a new theory of liability. The Superseding Indictment alleges a conspiracy with two goals: to commit visa fraud in violation of 18 U.S.C. § 1546(a) and to defraud the United States by impairing, obstructing, and defeating the lawful functions of the State Department and the

Department of Homeland security (commonly known as a *Klein* conspiracy[1]). *See generally* Superseding Indictment, Dkt. 43. The essence of the Government's theory is that Mr. Liu conspired to maintain or secure visas for at least two CAIEP employees under false pretenses. Xiao Liang, who obtained a J-1 research scholar visa to enter the United States, allegedly worked at CAIEP while in the United States. The Government asserts that its evidence will prove that Mr. Liu took steps to ensure that her work for CAIEP would not be known to the State Department or Department of Homeland Security. Superseding Indictment ¶ 4(b). With respect to the other CAIEP employee, Sun Li, the Government alleges that Mr. Liu took steps to assist her in obtaining a J-1 visa under similar, false pretenses, although those efforts were ultimately not successful. *Id.* ¶ 4(a).

Mr. Liu has moved to dismiss the Superseding Indictment for failure to state an offense under 18 U.S.C. § 371; on vagueness grounds for both alleged goals of the conspiracy; and due to the lack of provably false statements made by him in support of the conspiracy. Def. Mem. at 10–23, 24–25.[2] In the alternative, Mr. Liu seeks a bill of particulars and additional discovery. *Id.* at 25–28. The Government opposes the motion in its entirety. Gov. Opp. at 15–53.

## DISCUSSION

### I.   Legal Standard

Federal Rule of Criminal Procedure 7(c)(1) requires that an indictment contain a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). To satisfy Rule 7(c)(1) and a criminal defendant's

---

[1]   *See United States v. Klein*, 247 F.2d 908 (2d Cir. 1957).

[2]   Although Mr. Liu also challenges whether one of the overt acts alleged in the Superseding Indictment to have been taken in furtherance of the conspiracy qualifies as such, because the Court has already rejected that argument, Defendant has withdrawn it in his reply. Def. Reply, Dkt. 140 at 2 n.1.

constitutional rights, an indictment must "first, contain[ ] the elements of the offense charged and fairly inform[ ] a defendant of the charge against which he must defend, and, second, enable[ ] him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Stringer*, 730 F.3d 120, 124 (2d Cir. 2013) (internal quotation marks and citation omitted). Indictments typically "need do little more than to track the language of the statute charged and state the approximate time and place (in approximate terms) of the alleged crime." *United States v. Vilar*, 729 F.3d 62, 80 (2d Cir. 2013). When considering a motion to dismiss, the Court must treat the allegations in the indictment as true. *United States v. Goldberg*, 756 F.2d 949, 950 (2d Cir. 1985) (citation omitted).

## II.     The Motion Is Denied as Untimely

At the outset, the Government urges the Court to deny Mr. Liu's motion as untimely pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B). Gov. Opp. at 1–2, 12–15. Rule 12(b)(3)(B) requires a defendant to raise defects in an indictment via pretrial motion, and the pretrial motions deadline in this case has long since passed. *See* Dkt. 66. Mr. Liu argues that the motion should be considered on the merits because, since he filed his last motion, he has obtained a lawyer with federal criminal trial experience (at the Court's suggestion). Def. Mem. at 2 n.2.

In order for the Court to reach the merits of his motion, Mr. Liu must demonstrate "good cause" for his untimeliness; the Second Circuit has held that "[a] strategic decision by counsel not to pursue a claim, inadvertence of one's attorney, and an attorney's failure to timely consult with his client are all insufficient" to establish such cause. *United States v. Yousef*, 327 F.3d 56, 125 (2d Cir. 2003) (citations omitted). Mr. Liu asserts that the failure to raise the instant issues was neither due to inadvertence nor was it a strategic decision; instead, he asserts that (1) the

instant motion raises a niche legal issue with very little relevant case-law and (2) Mr. Liu had nothing to gain strategically by filing this motion after the original deadline. Def. Reply, Dkt. 140 at 2–5. Those arguments do not suffice to create good cause, especially given the duplicative nature of many of Mr. Liu's arguments across both motions. The Court agrees with the Government that this entire motion should be denied as untimely. The Court nonetheless addresses the substantive arguments raised; as discussed below, even if the motion were timely, it is without merit.

### III. The Superseding Indictment States an Offense Under the "Defraud Clause" of Section 371

Mr. Liu first argues that the Government's conspiracy theory fails to state an offense because the Government does not allege an impairment of the lawful functions of a federal agency. Def. Mem. at 10–20. The relevant portion of 18 U.S.C. § 371 criminalizes conspiracies "to defraud the United States, or any agency thereof in any manner or for any purpose . . .". As such, it reaches conspiracies "for the purpose of impairing, obstructing, or defeating the lawful function of any department of government." *Haas v. Henkel*, 216 U.S. 462, 479 (1910).

Mr. Liu argues that a "lawful function" must be established by statute or regulation. Def. Mem. at 11–12 (citing *id.* at 479–80). Because the Superseding Indictment makes no mention of what statute or regulation establishes the lawful function Mr. Liu allegedly conspired to defraud, he argues this charge should be dismissed. *Id.* at 13. In the alternative, Mr. Liu argues that, if the Court finds that a lawful function need not be grounded in a statute or regulation, the allegations should be dismissed as vague and overbroad. *Id.* at 14–20.

#### A. A "Lawful Function" Need Not Be Established by a Statute or Regulation

The Court agrees with the Government that a "lawful function" under 18 U.S.C. § 371 need not be established by a particular statute or regulation. The point of origin of this dispute is

*Haas*, in which the defendants were charged with what is now called a *Klein* conspiracy for conspiring to obtain information from a Department of Agriculture officer in advance of the publication of cotton crop reports. 216 U.S. at 477–79. In response to the defendants' argument that the indictment failed to state an offense, the U.S. Supreme Court held:

> The statute is broad enough in its terms to include any conspiracy for the purpose of impairing, obstructing, or defeating the lawful function of any department of government. Assuming, as we have, for it has not been challenged, that this statistical side of the Department of Agriculture *is the exercise of a function within the purview of the Constitution*, it must follow that any conspiracy which is calculated to obstruct or impair its efficiency and destroy the value of its operations and reports as fair, impartial, and reasonably accurate, would be to defraud the United States by depriving it of its lawful right and duty of promulgating or diffusing the information so officially acquired in the way and *at the time required by law or departmental regulation*. That it is not essential to charge or prove an actual financial or property loss to make a case under the statute has been more than once ruled.

*Id.* at 479–80 (emphasis added). Focusing on the latter italicized phrase, Defendant argues that this language clearly defines "lawful function" as something "required by law or departmental regulation", Def. Mem. at 11–12; the Government focuses on the earlier italicized phrase and argues that this language clearly defines "lawful function", if at all, as "a function within the purview of the Constitution", Gov. Opp. at 21.

A plain reading of *Haas* does not cabin "lawful function" in the manner that Mr. Liu urges. Although the Court appreciates that in much of the caselaw the Government cites the defendants did not present a challenge precisely analogous to Mr. Liu's, the fact remains that it is well established law that as long as an indictment "identif[ies] the lawful government functions at issue with some specificity," it can survive a motion to dismiss. *United States v. Concord Mgmt. & Consulting LLC*, 347 F. Supp. 3d 38, 47 (D.D.C. 2018). As other courts have held, such functions can be as seemingly general as the administration of agency initiatives. *Id.* at 46–47. In this case, common sense dictates that the administration of the underlying visa program at

issue is clearly within the lawful functions of the State Department and the Department of Homeland Security.

Because the Court finds that a "lawful function" need not be grounded in statute or regulation and is instead broadly defined, it need not discuss the regulations and statutes that the Government indicates are part of the lawful functions Mr. Liu conspired to impair. Gov. Opp. at 25–29.

### B.  The *Klein* Conspiracy Charge Is Neither Overbroad nor Vague

Mr. Liu next argues that even if a "lawful function" need not be grounded in a law or regulation, the *Klein* conspiracy charge in this case should be dismissed as overbroad and vague. Def. Mem. at 14–20. This argument largely rests on the idea that Mr. Liu's actions were themselves lawful and not inconsistent with the regulations that govern the J-1 visa program. *Id.* at 15, 18–19. To support this assertion, Mr. Liu cites two inapposite cases. The first, *United States v. Coplan*, 703 F.3d 46 (2d Cir. 2012), revolved around evidentiary sufficiency at trial and is, therefore, not relevant given the current posture of this case. In *Coplan*, the Second Circuit overturned *Klein* conspiracy convictions related to tax evasion in part because the evidence at trial showed that the defendants had advocated lawful trading activity. *Id.* at 95. Mr. Liu will be able to argue to the jury at trial that his activities were lawful, just as the defendants in that case did; if he is convicted, he can proceed to challenge the evidentiary sufficiency of the case in a post-trial motion. The second case Mr. Liu cites, *Marinello v. United States*, 138 S. Ct. 1101 (2018), is not relevant to this case. The Second Circuit has previously held that *Marinello* does not control the interpretation of the defraud clause of § 371. *See United States v. Atilla*, 966 F.3d 118, 130–31 (2d Cir. 2020). Consequently, the Court agrees with the Government that Mr. Liu's reliance on *Marinello* is misplaced. Far from a vague or overbroad "omnibus 'inaccuracy'

crime", Def. Mem. at 18, a *Klein* conspiracy reaches only activity committed with the requisite *mens rea* of deceitful or dishonest conduct; that requirement protects defendants from the sort of overbreadth issues Defendant raises in his motion. *Concord Mgmt. & Consulting LLC*, 347 F. Supp. 3d at 60.

<p style="padding-left: 2em;">**IV.**    **Neither Goal of the Charged Conspiracy Should Be Dismissed**</p>

Mr. Liu argues that neither goal of the alleged conspiracy can stand because there are no clear standards defining the permissible activities of a foreigner admitted into the country on a J-1 visa as a research scholar. Def. Mem. at 20–23. The essence of his argument is that, without clear standards, no one can knowingly violate the rules by performing impermissible work. *Id.* at 22. Mr. Liu interprets the relevant regulation as failing to state whether a J-1 visa holder may perform other work. *Id.* at 20 (citing 22 C.F.R. § 62.4(f)). The regulation limits the participation of foreign nationals coming to the United States as "research scholars" to those whose "primary purpose" for coming is to conduct research; Mr. Liu argues that performing other work is not inconsistent with having as a "primary purpose" being a research scholar. *Id.* at 20–21. Further, Mr. Liu argues that working for CAIEP was part and parcel of Ms. Liang's research plan regarding the administration of non-profit organizations. *Id.* at 22. The Government counters this in three ways: first, Mr. Liu is not charged with violating the regulations that govern holders of J-1 visas; second, the motion is a premature, as-applied vagueness challenge; and third, according to the Government, the applicable regulations clearly prohibit J-1 scholars from engaging in full-time, paid work. Gov. Opp. at 34–44.

Because Mr. Liu is not raising a vagueness challenge with respect to 18 U.S.C. § 371, the actual statute under which he is being charged, the Court agrees with the Government that his vagueness challenge fails. To the extent that the regulations pertaining to the J-1 visa program

are relevant to the charges in the Superseding Indictment, Mr. Liu's argument can only be treated as an as-applied vagueness challenge, and not a facial one. It is well-established that as-applied vagueness challenges must be brought at the end of trial. *Maynard v. Cartwright*, 486 U.S. 356, 361 (1988). This aspect of the motion to dismiss is, therefore, denied as premature. As a result, the Court need not reach the parties' different interpretations of the J-1 visa regulations.

**V.     Mr. Liu's Objection to an Overt Act Alleged in the Superseding Indictment is Without Merit**

Mr. Liu next argues that one of the overt acts alleged in the Superseding Indictment does not properly allege a false statement. Def. Mem. at 24–25. Specifically, the Superseding Indictment alleges that, in furtherance of the conspiracy, Mr. Liu went to Massachusetts to arrange for a university there "to sponsor a visa for a [People's Republic of China ("PRC")] Government employee to come to the United States as a visiting research scholar, when, in truth and in fact, the . . . employee's primary purpose in the United States would consist of working full-time for the PRC Government." *See* Superseding Indictment ¶ 4a. Mr. Liu argues that (1) no false statements have been identified in support of the allegations, and (2) operating as a visiting research scholar and working full-time for the PRC are not incompatible with one another, and therefore any representations Mr. Liu made in pursuit of that visa, or to maintain any existing visas, cannot constitute false statements. Def. Mem. at 24–25. Mr. Liu argues that if the allegedly false statements he made are true under even one objectively reasonable interpretation of the requirements for a J-1 research scholar, the Superseding Indictment fails to allege a crime. *Id.* (citing *United States v. Harra*, 985 F.3d 196, 213 (3d Cir. 2021)).

Mr. Liu's argument is nonsensical. The overt act he quarrels with is one of several alleged, proof of any one of which would be sufficient to sustain a conviction. The Court understands that Mr. Liu's defense is that he did nothing wrong; the Government's case is that he

conspired fraudulently to obtain J-1 visas for person who would be working for the PRC government, not pursing a bona fide course of study.  Defendant is free to argue this point to the jury, but there is no basis to dismiss the indictment (or even the complained-of overt act).

**VI.     The Request for a Bill of Particulars and Additional Discovery Is Denied**

Finally, Mr. Liu requests that the Government specify the basis for its assertion that the lawful government functions alleged in the Superseding Indictment are, in fact, lawful functions and not just day-to-day activities of agencies; specify with particularity the documents or statements that it alleges are false; and also requests either production of discovery or a point-by-point response to his August 2021 letter requesting various categories of information.  Def. Mem. at 25–28.  The Government argues that it has provided all the material required to be produced at this stage.  Gov. Opp. at 47–53.

Because Mr. Liu has more than sufficient information about the nature of the charges against him to prepare for trial, avoid unfair surprise, and preclude a second prosecution for the same offense, *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987), the Court will not order a bill of particulars.  Because the Government's statement that it has produced all documents responsive to Mr. Liu's August 2021 letter appears to have satisfied his concerns on that point, both in terms of additional discovery and apparently in terms of offering an itemized response, *see* Def. Reply at 19, that element of Defendant's motion is denied as moot.

## CONCLUSION

For the foregoing reasons, Defendant's motion is denied. The Clerk of Court is respectfully directed to close the open motion at Docket 132.

**SO ORDERED.**

Date: February 14, 2022
New York, NY

_____
**VALERIE CAPRONI**
**United States District Judge**