

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 16, 2022

**By ECF**
The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

      Re:   *United States v. Zhongsan Liu*, S1 19 Cr. 804 (VEC)

Dear Judge Caproni:

      The Government writes (1) to respectfully request that the Court enter a proposed protective order, attached hereto as Exhibit A, governing the disclosure of material produced to the defense pursuant to the Jencks Act and *Giglio v. United States*, 405 U.S. 150 (1972) ("3500 Material"); and (2) pursuant to the Court's order of February 15, 2022, directing the Government to respond to the defendant's request to show copies of unspecified Rule 16 discovery materials to individuals outside the defense team, who will be identified on an *ex parte* basis to the Court (*see* Dkt. 156).

### I. The Proposed 3500 Protective Order

      On February 10, 2022, the Government sent defense counsel a proposed protective order.[1] Following additional correspondence between the parties, on February 13, 2022, the defense informed the Government that it objected to the entirety of the proposed order on the ground that it seeks to impose burdensome and unnecessary restrictions without apparent good cause. For the reasons set forth below, the proposed protective order is not unduly burdensome and is justified, including to protect witness safety and sensitive law enforcement information. The proposed protective order is also consistent with case law, 3500 protective orders entered in similar cases in this District, and the Rule 16 protective order entered in this case (*see* Dkt. 36). Accordingly, the Government respectfully requests that the attached order be entered by the Court.

      The Government's proposed protective order would preclude the defense from

---

[1] The version of the proposed protective order that the Government sent to the defense was substantially the same as the proposed order attached hereto as Exhibit A, with the exception that it also precluded the defense from disseminating the Government's witness list or the identities of potential Government witnesses outside of the defense team—a provision the Government has removed from Exhibit A.

disseminating 3500 Material and the Government's list of potential witnesses beyond members of the defense team (Ex. A. ¶¶ 1-2); restrict the defendant and his counsel from using the 3500 Material for purposes other than the defense of this case (Ex. A. ¶ 2(a)); preclude the defense from transporting or transmitting the 3500 Material outside of the United States (Ex. A. ¶ 2(c)); and obligate the defendant and his counsel to destroy or return the 3500 Material to the Government at the conclusion of this case (Ex. ¶ 3). In addition, the proposed protective order lists a wide range of "Designated Persons" comprising members of the defense team who may receive the 3500 Material (Ex. A. ¶ 2(d)), and obligates the defense to obtain a signed copy of the protective order from any such person provided 3500 Material and provide a record of such transmittals to the Court, on an *ex parte* basis and under seal, upon the conclusion of this case (Ex. A ¶ 4).

Courts in this District routinely grant 3500 protective orders of this nature in order to mitigate witness safety concerns, protect witnesses' privacy, and shield sensitive law enforcement techniques from public disclosure. *See, e.g.*, *United States v. Moore*, 322 F. App'x 78, 83 (2d Cir. 2009) (affirming district court's entry of a protective order governing material pursuant to 18 U.S.C. § 3500); *United States v. Palmer*, No. 10 Cr. 910 (JSR), 2011 WL 672412 (S.D.N.Y. Feb. 14, 2011) (issuing protective order and holding that "[t]he dissemination of 3500 material is a danger not only to incarcerated witnesses, but also to non-incarcerated witnesses and witnesses' family members. . . . Courts in this district routinely grant orders of the kind requested by the Government to mitigate these safety concerns"); *cf. also Alderman v. United States*, 394 U.S. 165, 185 (1969) ("[T]he trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect.").

Here, entry of the attached order is warranted. Certain of the Government's 3500 Material contains information about sensitive law enforcement techniques used in the course of the investigation of this case, which are not part of the public record. In addition, the 3500 Material includes personal identifying and other background information regarding both its anticipated trial witnesses, third parties, and witnesses who the Government does not expect to call at trial but for whom the Government is nonetheless prepared to produce 3500 Material, which will not be the subject of testimony at trial. For reasons of both witness privacy and safety, and to protect law enforcement techniques that will not be the subject of trial testimony, the defense should be precluded from using this information for purposes other than the defense of this case and from disseminating these materials outside the defense team.

Those concerns are particularly acute in this case because the Government has alleged that the defendant is an employee of the government of the People's Republic of China (the "PRC Government") and the conspiracy charged in this case includes allegations about the PRC Government. (*See* Dkt. 43, Ind. ¶¶ 3-4). Disclosure of the 3500 Material beyond the defense team, including transmission of any materials abroad, and the use of those materials for purposes other than the defense of this case raise particular concerns in light of the PRC Government's long and detailed public history of violence against individuals perceived as working against the regime. *Cf., e.g.*, *Killing CIA Informants, China Crippled U.S. Spying Operations*, N.Y. Times, May 20, 2017, *available at* https://www.nytimes.com/2017/05/20/world/ asia/china-cia-spies-

Honorable Valerie E. Caproni
February 16, 2022
Page 3 of 4

espionage.html.; *Operation Fox Hunt: How China Exports Repression Using a Network of Spies Hidden in Plain Sight*, Pro Publica, July 22, 2021, *available at* https://www.propublica.org/article/operation-fox-hunt-how-china-exports-repression-using-a-network-of-spies-hidden-in-plain-sight. Indeed, the PRC Government has already taken adverse action against one of the Government's witnesses by banning that individual from entering China (the details of which are included in the 3500 Material).

Nor is the proposed order unduly burdensome. The protective order permits the defense to provide the 3500 Material directly to the defendant and to a wide range of staff, third-party contractors, and litigation support personnel (*see* Ex. A ¶ 2(d)), and obligates the defense only to use the materials for preparation of the defense, to avoid transmitting the materials outside the United States, and to destroy them at the conclusion of this case. *See, e.g.*, *United States v. Garcia*, 406 F. Supp. 2d 304 (S.D.N.Y. 2005) (granting Government's application for a § 3500 protective order and noting that *Jencks* "does not give defendants a property interest" in § 3500 materials, "or require the multiplication of copies of internal prosecution notes or reports for whatever use the defendants choose to make of them").

Finally, the proposed protective order is consistent with the Rule 16 protective order agreed to by the defendant and entered by the Court on December 6, 2019 (Dkt. 36)—which, among other things, likewise precludes the defense from disseminating Rule 16 materials outside the defense team or transmitting them outside the United States, obligates the defense to use Rule 16 materials only for the preparation of the defense and to destroy them at the conclusion of the case, and requires the defense to distribute the protective order to any individual receiving Rule 16 materials, who would likewise be bound by the provisions of the order. The terms of the proposed protective order are likewise consistent with § 3500 protective orders entered in other cases in this District, including where, as here, transmittal of 3500 material outside the defense team, and in particular the risk of a foreign government receiving such material, raises particular concerns. *See, e.g.*, *United States v. Griffith*, 20 Cr. 15 (PKC), Dkt. 52 (3500 protective order with similar terms entered in case involving offenses related to North Korea); *United States v. Jaidi*, 19 Cr. 890 (CS), Dkt. 57 (3500 protective order with similar terms entered in case involving officials of Moroccan government).

For the reasons set forth above, the Government respectfully submits that entry of the attached order is warranted.

**II.     The Defendant's Request to Show Copies of Discovery Materials to Individuals Outside the Defense Team**

On February 14, 2022, the defense made an application to the Court for authorization to show copies of unspecified discovery materials to a list of individuals outside the defense team, whom the defense would identify for the Court in an *ex parte*, sealed filing. (*See* Dkt. 154). The defense correctly noted in its application that the Government had declined to take a position absent additional information as to which discovery materials the defense intended to show and to whom. On February 15, 2022, the Court ordered the Government to respond with any reasons

Honorable Valerie E. Caproni
February 16, 2022
Page 4 of 4

why the Court should not grant the defendant's request.

As an initial matter, the Government does not object to the defendant seeking authorization from the Court on an *ex parte* basis to show copies of discovery to individuals outside of the defense team, as contemplated by the Rule 16 protective order. (*See* Dkt. 36). The protective order directs that, for any such *ex parte* applications, the defense must indicate the "specified discovery materials" it intends to show the individuals whose access to discovery materials is otherwise prohibited by the protective order, and that the Court must determine that "such access is necessary for the purpose of preparing the defense of the case." (*See id.*). The Government, therefore, respectfully submits that the defense should be required to provide more than just the "names of the specific individuals" to whom it intends to show discovery materials. (*See* Dkt. 154). The Government requests that, consistent with the protective order and in order to provide appropriate context for the Court to make its determination, the defense specify for the Court the particular discovery materials that it seeks to show the identified individuals and to articulate the basis for each disclosure. Such information is necessary for the Court to determine whether the defendant's request is appropriate or, in the alternative, whether it would raise concerns related to witness safety or disclosure of sensitive law enforcement techniques.

The Government further requests that the Court require the defense to indicate to the Court whether the individuals to whom it seeks to show the specified discovery materials have any official or unofficial affiliation with the PRC Government. The discovery materials include the statements of witnesses and other individuals who have provided information or otherwise assisted the Government in its investigation of the defendant, as well as information concerning law enforcement techniques used in the investigation of this case. In light of the concerns discussed above relating to the transmission of such information to the PRC Government, a mere list of witness names, absent further context as to these individuals' relationship to the PRC Government, is unlikely to assist the Court in determining whether showing these individuals copies of Rule 16 materials would pose safety or other concerns related to the disclosure of sensitive law enforcement information. By the same token, the defense should be required to provide the Court with the specific materials it intends to show these individuals, which the Court will need to make a determination as to the sensitivity of the materials and whether their distribution to particular individuals outside the defense team would raise the concerns set forth above.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By:     */s/*
Gillian S. Grossman
Elinor L. Tarlow
Assistant United States Attorneys
Tel: (212) 637-2188 / 1036

*Enclosure.*

# EXHIBIT A

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
                                    :
UNITED STATES OF AMERICA            :   3500 PROTECTIVE ORDER
                                    :
      - v. -                        :
                                    :
ZHONGSAN LIU,                       :   S1 19 Cr. 804 (VEC)
                                    :
               Defendant.           :
                                    :
- - - - - - - - - - - - - - - - - -X
```

Upon the application by the United States of America, by Damian Williams, United States Attorney for the Southern District of New York, Gillian S. Grossman and Elinor L. Tarlow, Assistant United States Attorneys, of counsel, for the entry of a Protective Order, and for good cause shown,

IT IS HEREBY ORDERED:

1. Defense counsel and the defendant, Zhongsan Liu, are precluded from disseminating any of the documents and materials produced by the Government pursuant to Title 18, United States Code, Section 3500 and *Giglio v. United States*, 405 U.S. 150 (1972), and any copies of such documents and materials(collectively, the "Protected Material") to anyone beyond the defendant, defense counsel, and any paralegal or staff employed by defense counsel, where such persons will be precluded from

1

disseminating the Protected Material beyond the persons described herein.

    2. Protected Material disclosed to the defendant or to counsel during the course of proceedings in this action:

    a. Shall be used by the defendant and his counsel only for purposes of the defense of this action.

    b. Shall be maintained in a safe and secure manner solely by the defendant and his counsel. Defendant may not copy the Protected Materials except as necessary for the preparation of his defense, and the Protected Material shall not be provided in any form to third parties by the defendant or his counsel except as set forth in paragraph 2(d) below.

    c. Shall not be transported or transmitted outside of the United States for any purpose.

    d. May be provided by the defendant or his counsel only to the following persons ("Designated Persons"):

    i. Associates, analysts, paralegals, investigators, secretaries, clerks and other support staff, and students working or performing services for the defendant's undersigned counsel (whether as full-time or part-time employees or independent contractors);

    ii. Third-party experts, investigators,

2

consultants or advisors (including their respective clerical and secretarial personnel and support staff) retained by the defendant's counsel in connection with this action;

   iii. Third-party copy, technology, database hosting, and litigation support services (including their respective clerical and secretarial personnel and support staff) engaged by the defendant's counsel in connection with the preparation and/or trial of this case; and

   iv. Such other persons as may be agreed to by the parties, in writing, or as may be authorized by the Court upon motion of the defendant.

  3. The defendant, his counsel, and any Designated Persons receiving Protected Material must destroy or return to the Government the Protected Material at the conclusion of the trial of this matter, or when any appeal has become final, or when any post-conviction relief becomes final, with the exception of any Protected Material that has been annexed to pleadings, motions, appeals, or other documents filed with the Court or the Court of Appeals in connection with this case.

  4. The defendant and his counsel shall provide a copy of this Order to Designated Persons to whom they provide Protected Material pursuant to paragraph 2(d). Before providing Protected

3

Material to Designated Persons pursuant to paragraph 2(d)(ii)-(iv), any such Designated Person (and, in the event a Designated Person is not an individual, an authorized representative of such Designated Person) shall agree to be subject to the terms of this Order by signing a copy hereof and providing such copy to defense counsel. The defendant's counsel will then maintain a record of transmittal and these agreements in its records, and provide such copy to the Court ex parte to be filed under seal at the conclusion of any trial in this matter, or earlier if requested upon motion of the Government. With regard to providing any Protected Material to any Designated Person pursuant to paragraph 2(d)(ii)-(iv) above, it shall be sufficient for defense counsel to obtain a single acknowledgement from such person (or, in the event the Designated Person is not an individual, an authorized representative of such Designated Person) and such defense counsel shall not be required to obtain additional and separate acknowledgements from such Designated Person's clerical and secretarial personnel or support staff (each of whom shall nonetheless be bound by the provisions of this Order). Neither the defendant nor his counsel shall be required, absent further order of the Court, to disclose the identities of the Designated Persons to whom they have disclosed Protected Material.

5. The provisions of this Order shall not prohibit or be construed as preventing the disclosure by the defendant or his counsel of any Protected Material: (a) during or in connection with any court proceeding before any Judge or Magistrate of this Court or the Court of Appeals in connection with this case including, but not limited to, at any conference or argument, or in connection with any application, motion, hearing, trial, sentencing proceeding, or appeal held in connection with the above-referenced action; or (b) to any Judge or Magistrate of this Court or the Court of Appeals for any other purpose in connection with the above-referenced action. Any written disclosure of the Protected Material pursuant to the terms of this Paragraph shall be submitted in the first instance to the Government and to the Court under seal, to permit any necessary redactions before public filing. Nothing in this Paragraph shall be construed to limit the use of the Protected Material in questioning witnesses in any hearing or trial in this case.

6. The provisions of this Order shall not be construed as preventing or limiting disclosure of any information that is in the public domain or information or material obtained by any of the defendants or their counsel from sources other than the Government.

7.  Nothing contained in this Order shall preclude any party from applying to this Court for modification of any provision herein or for any further relief.

SO ORDERED:
New York, New York
February _____, 2022

_____
THE HONORABLE VALERIE E. CAPRONI
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK