UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

UNITED STATES OF AMERICA,       :

                         :

             Plaintiff,   :

                         :

        -against-      :

                         :

ZHONGSAN LIU,             :

                         :

            Defendant.  :

-------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___3/9/22___
```

19-CR-804 (VEC)

<u>ORDER</u>

VALERIE CAPRONI, United States District Judge:

      WHEREAS a remaining motion *in limine* from the Government concerns the

admissibility, pursuant to Federal Rule of Evidence 804(b)(3), of Xiao Liang's statements made

during a telephone call between her and the director of the University of Georgia Immigration

Services, *see* Gov. Mem., Dkt. 150 at 32; *see also* Order, Dkt. 188;

      IT IS HEREBY ORDERED that the Government's motion is DENIED.  The

Government seeks to admit two of Liang's statements on the recorded call as statements against

penal interest.  Gov. Mem. at 34.  Rule 804(b)(3) provides that an exception to the hearsay rule is

evidence of a statement by an unavailable declarant if the statement is one that

> (A) a reasonable person in the declarant's position would have made only if the
> person believed it to be true because, when made, it was so contrary to the
> declarant's proprietary or pecuniary interest or had so great a tendency to
> invalidate the declarant's claim against someone else or to expose the declarant to
> civil or criminal liability; and

> (B) is supported by corroborating circumstances that clearly indicate its
> trustworthiness, if it is offered in a criminal case as one that tends to expose the
> declarant to criminal liability.

Fed. R. Evid. 804(b)(3)(A)–(B).  Thus, the threshold question for the Court is whether the

offered "statement" of the declarant would be perceived by "a reasonable person in the

declarant's shoes" to be "detrimental to his or her own penal interest." *United States v. Saget*, 377 F.3d 223, 231 (2d Cir. 2004). Each statement must be assessed individually. *Williamson v. United States*, 512 U.S. 594, 599–600 (1994). "Whether a challenged statement is sufficiently self-inculpatory can only be answered by viewing it in context." *United States v. Williams*, 506 F.3d 151, 155 (2d Cir. 2007).

The call at issue in this case was from Robin Catmur-Smith, Director of Immigration Services at the University of Georgia, to Liang, informing Liang that the University of Georgia would be terminating Liang's J-1 visa status. The statements that the Government construes as self-inculpatory in that call are two of Liang's responses to Catmur-Smith. The first statement occurs after Catmur-Smith tells Liang, "It appears to us that you actually haven't been doing research for the Carl Vinson Institute," to which Liang replies, "Uh… yeah"[1]; the second occurs after Catmur-Smith tells Liang, "[W]e can only advise you and, and maintain the J-1 program, your, your research visa, and because we know you're not really here doing research —" to which Liang replies in part, "I know, uh, yeah, I know actually, I know what, I mean, I know why you, why you do this, I understand all the things." Gov. Proposed Ex. 136-T at 2, 4. At no point in either statement does Liang describe acts that she committed that would subject her to criminal liability or acknowledge participation in criminal conduct or a criminal conspiracy of any type. *Cf. Williams*, 506 F.3d at 155 (finding statements that described acts the declarant committed admissible as statements against penal interest). Considering the context of the call, as the Court is required to do, *see id.*, Liang's responses are entirely ambiguous. Maybe she is acknowledging the truth of what Catmur-Smith is saying or maybe she is simply saying "yeah" as a sort of place holder in the conversation. The statements are simply not "so contrary" to her

---

[1]     The Court listened to the call several times and never heard Liang say "yeah." For purposes of deciding this motion, the Court has assumed that others can hear her say "yeah" at that point in the call.

"pecuniary interest or [have] so great a tendency . . . to expose the [her] to civil or criminal liability" that they can be considered statements against interest.  Fed. R. Evid. 804(b)(3)(A). The audio recording and its accompanying transcript are therefore not admissible at trial.

IT IS FURTHER ORDERED that the Clerk of Court is respectfully directed to close the open motion at Docket 150.

**SO ORDERED.**

Date:  **March 9, 2022**
       **New York, New York**

**VALERIE CAPRONI**
**United States District Judge**