


Justin S. Weddle
212 - 997 - 5518 (o)
347 - 421 - 2062 (m)
jweddle@weddlelaw.com

March 11, 2022

**By ECF**

Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *United States v. Liu*, 19 Cr. 804 (VEC)
**Opposition to Letter Response Related to the China Initiative**

Dear Judge Caproni:

This morning the government filed four single spaced pages concerning the reference of the China Initiative in the trial, *see* ECF 193. By Order dated March 7, 2022, after extensive briefing on the issue, *see* ECF 150 and 159, as well as oral argument at the pretrial conference, the Court ruled that the government's motion to exclude Mr. Liu from questioning witnesses about the "China Initiative," was denied without prejudice to re-raising it "should a concrete dispute with specific evidence arise." *See* ECF 188 at 1. The government's letter amounts to a motion for reconsideration that neither cites nor satisfies the requisite standard and should be denied.

Moreover, it is unfair and incorrect for the government to deride the defense for supposedly offering "shifting explanations" in a case that bears no resemblance to the case the government described in its complaint or even proffered in its expert notice and motions *in limine*, *see* Exhibit 1 to ECF 149 (stating that the government intended Joske to testify about "China's overseas talent recruitment operations and objectives"); ECF 150 at 33. We of course welcome the opportunity to tee-up and litigate legal issues prior to trial, both in *in limine* motions and in other motions, such as the defense's Motion to Dismiss filed in early December. But, where, as here, the government's case is a moving target, it is make-work for the Court and the defense for the government to float version after version of its case, demand briefing and/or argument of the issues each version creates, and then abandon them when their impropriety and prejudice is laid bare. In addition, the government's effort to pre-vet




the defense's response to its evidence and cross-examination of its witnesses in a case that has not even begun are prejudicial and constitute burden-shifting.

The Court's ruling–that it would take questioning regarding the China Initiative as it comes—should stand.

Respectfully submitted,

Justin S. Weddle