```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
  UNITED STATES OF AMERICA,                                    :
                                                               :
                                  Plaintiff,                   :
                                                               :          19-CR-804 (VEC)
                    -against-                                  :
                                                               :               ORDER
  ZHONGSAN LIU,                                                :
                                                               :
                                  Defendant.                   :
-------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/31/22

VALERIE CAPRONI, United States District Judge:

On March 22, 2022, Defendant Zhongsan Liu was found guilty by a jury of conspiracy to defraud the United States and its agencies and to commit visa fraud. *See* Verdict Sheet, Dkt. 209. Until that point, Mr. Liu had been subject to home detention.[1] After Mr. Liu was found guilty, and following arguments from the parties, the Court revoked his bail and ordered that he be remanded to the custody of the United States Marshal. *See* Dkt. 207. Mr. Liu has since filed a motion for reconsideration of the Court's order to remand him or, in the alternative, asks that the Court order him released from detention for three weeks (or less) in order for him to get his affairs in order. Def. Letter, Dkt. 211 at 1, 8–9. The Government opposes the motion in its entirety. *See generally* Gov. Letter, Dkt. 213. Because of the risk of flight in this case, Mr. Liu's motion is denied.

In order to prevail on a motion for reconsideration, the moving party must demonstrate that there is "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l*

---

[1] Mr. Liu was released on a $500,000 unsecured personal recognizance bond with GPS monitoring. *See* Dkt. 5. Although there was initially a requirement that Mr. Liu's bond be co-signed by two financially responsible persons, when he was unable to find anyone who was willing to co-sign his bond, Magistrate Judge Fox imposed home detention. *See* Hearing Tr., Dkt. 19 at 15–16 (Sept. 30, 2019).

*Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citations omitted). The parties' arguments, both after the verdict was announced and in their papers for the instant motion, primarily focus on whether the applicable sentencing range under the U.S. Sentencing Guidelines requires the Court to remand the Defendant pending sentence unless it finds "by clear and convincing evidence" that Mr. Liu is not likely to flee. 18 U.S.C. § 3143(a)(1).[2] The clear and convincing standard applies when the Guidelines recommend a term of imprisonment, *see id.*, but the Court has discretion to remand a defendant pending sentencing regardless of the recommended Guidelines range. *United States v. Abuhamra*, 389 F.3d 309, 317 (2d Cir. 2004) (an individual convicted of a felony "has no substantive constitutional right to bail pending sentencing.").

The reasons that the Court gave on the record for remanding Mr. Liu remain true. He is a serious flight risk given: his lack of ties to this country; his substantial ties to and employment by a foreign government that has the capability of issuing him new travel documents; and his felony conviction, which substantially increases his incentive to flee compared with his circumstances pre-verdict. Gov. Letter at 7–8. Even prior to Mr. Liu's conviction, the risk of flight would have supported his imprisonment pending trial. *See*, *e.g.*, *United States v. Boustani*, 932 F.3d 79, 83 (2d Cir. 2019) (affirming denial of bail for foreign defendant given risk of flight); *United States v. Zarrab*, No. 15-CR-867, 2016 WL 3681423, at *8 (S.D.N.Y. June 16, 2016) (denying bail application for foreign defendant and collecting cases doing the same). While Mr. Liu complied with the conditions of pretrial release, which included home detention, the Court simply does not credit his argument that "[t]he circumstances affecting the risk [that he] would flee did not change after conviction." Def. Letter at 7. Separate and apart from what the applicable

---

[2] The Court appreciates Mr. Liu's point that the Government initially did not move to remand Mr. Liu and that the Government then reversed course during harried, off-the-cuff arguments while apparently consulting electronically with others in their office. Def. Letter at 1–2; Gov. Letter at 2. The Government's failure, at the time of the verdict, to have a well thought-out position relative to bail pending sentence is inexplicable.

Guidelines range will be and separate and apart from whether a person whose Guidelines range is 0 to 6 months is a "person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment," 18 U.S.C. § 3143(a)(1), Mr. Liu's risk of flight necessitates his detention pending sentencing.

For the same reasons, Mr. Liu's request for a short period of release in order to get his affairs in order, *see* Def. Letter at 9, is denied. Mr. Liu's risk of flight remains the same whether he were to be released for one day or for the entirety of the period leading up to his sentencing.[3]

In short, Defendant's motion for reconsideration of the Court's prior order is denied. The factors that led to the Court's decision to revoke Mr. Liu's bail pending sentence also necessitate denying Mr. Liu's alternative request for relief.

The Clerk of Court is respectfully directed to close the open motion at Docket 211.

**SO ORDERED.**

Date: **March 31, 2022**
New York, New York

_____
**VALERIE CAPRONI**
**United States District Judge**

---

[3] The Court also questions the need for Mr. Liu to be released to get his affairs in order. This case has been pending for more than two years, and the trial was scheduled one month prior to jury selection. *See* Order, Dkt. 152. Further, Mr. Liu has known that the trial would occur during the first quarter of 2022 since at least December 2, 2021. *See* Order, Dkt. 131. Mr. Liu also knew prior to trial that, even if he were acquitted, it was entirely possible that he would be taken into immigration custody pending deportation from the United States. Def. Letter at 7. Given those circumstances, it is beyond understanding why a college-educated, responsible businessman (which Mr. Liu is) would not have gotten his affairs in order and been ready for departure from the United States by the time this trial began.