UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
UNITED STATES OF AMERICA,                    :

                                             :

          -against-                       :     S1 19 CR. 804 (VEC)

                                             :

ZHONGSAN LIU,                                                :

                       Defendant.
------------------------------------------------------------------------X

### DEFENDANT'S RENEWED MOTION FOR A JUDGMENT OF ACQUITTAL

| | |
|---|---|
| VALERIE Y.C. WONG<br>WONG, WONG & ASSOCIATES, P.C.<br>150 Broadway, Suite 1588<br>New York, NY 10038<br>(212) 566-8080 | JUSTIN S. WEDDLE<br>JULIA I. CATANIA<br>BRIAN WITTHUHN<br>WEDDLE LAW PLLC<br>250 West 55th Street<br>30th Floor<br>New York, NY 10019<br>(212) 997-5518<br>jweddle@weddlelaw.com<br><br>*Attorneys for Zhongsan Liu* |

April 21, 2022

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .............................................................................................................................. 1

I.  Applicable Law ................................................................................................................ 2

II. The Evidence Presented at Trial Is Insufficient to Sustain
    Mr. Liu's Conviction ....................................................................................................... 4

    A.  Legal Standard ........................................................................................................ 4

    B.  The Evidence Is not Sufficient to Prove that a Conspiracy to Defraud the
        United States or to Commit Visa Fraud Existed .................................................... 7

    C.  The Evidence Is not Sufficient to Prove that Mr. Liu Knowingly Joined and
        Participated in the Charged Conspiracy with the Requisite Specific Intent . 7

    D.  The Government Failed to Prove Motive ............................................................... 8

    E.  The Government Failed to Prove its Overt Act and Venue in the Southern
        District of New York ............................................................................................... 9

CONCLUSION ......................................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**

*United States v. Coplan*,
  703 F.3d 46 (2d Cir. 2012) ................................................................................. 5, 6, 7

*United States v. Fleurissaint*, No. 03 CR 906 (RPP),
  2005 WL 120350 (S.D.N.Y. Jan. 20, 2005) ................................................................ 4

*United States v. Goffer*,
  721 F.3d 113 (2d Cir. 2013) ......................................................................................... 3

*United States v. Jones*,
  393 F.3d 107 (2d Cir. 2004) ......................................................................................... 3

*United States v. Lorenzo*,
  534 F.3d 153 (2d Cir. 2008) ................................................................................. 3, 5, 9

*United States v. Pauling*,
  256 F. Supp. 3d 329 (S.D.N.Y. 2017) .......................................................................... 3

*United States v. Percoco*,
  317 F. Supp. 3d 822 (S.D.N.Y. 2018) .......................................................................... 2

**Rules**

Fed. R. Crim. P. 29 ............................................................................................................ 2

Zhongsan Liu, by and through his counsel, renews his motion for a judgment of acquittal, pursuant to Federal Rule of Criminal Procedure 29(c).[1]

## PRELIMINARY STATEMENT

At trial, the government failed to prove each element of the crime charged beyond a reasonable doubt. The evidence failed to prove beyond a reasonable doubt that Mr. Liu knowingly joined a conspiracy to obstruct the Department of State's function of issuing visas to foreign nationals based on truthful and accurate information, or the Department of Homeland Security's administration of the J-1 research scholar program based on truthful and accurate information.

The government admitted no evidence showing that a conspiracy to obtain two visas (neither of which was Mr. Liu's) by a false claim or statement, or otherwise by fraud, existed, and that Mr. Liu knowingly joined any such purported conspiracy. In addition, the government did not prove its declared motive for Mr. Liu's alleged participation in the conspiracy. Lastly, the government's single overt act, and accordingly its venue in the Southern District of New York, was not sufficient.

## ARGUMENT

No rational trier of fact could have concluded, beyond a reasonable doubt, that Mr. Liu was guilty of the charge in this case. The Court must, therefore, enter a judgment of acquittal.

---

[1] Mr. Liu preserves all objections and arguments made in advance of and during trial for purposes of appeal.

## I. APPLICABLE LAW

Pursuant to Federal Rule of Criminal Procedure 29, "[a]fter the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). And, "[a] defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later. . . . A defendant is not required to move for a judgment of acquittal before the court submits the case to the jury as a prerequisite for making such a motion after jury discharge." Fed. R. Crim. P. 29(c)(3).[2]

This Court has explained that "'[t]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Percoco*, 317 F. Supp. 3d 822, 827 (S.D.N.Y. 2018) (Caproni, J.) (quoting *United States v. Taylor*, 475 F. App'x 780, 781 (2d Cir. 2012)). A "'judgment of acquittal' is warranted 'only if the evidence that the defendant committed the crime alleged is nonexistent or so meager that no reasonable jury could find guilt beyond a reasonable doubt.'" *Id.* (quoting *United States v. Jiau*, 734 F.3d 147, 152 (2d Cir. 2013)). In so determining, "[a] court examines each piece of evidence and considers its probative value before determining whether it is unreasonable to

---

[2] On March 22, 2022, the Court extended this deadline. *See* Tr. 1431.

find the evidence in its totality, not in isolation, sufficient to support guilt beyond a reasonable doubt." *United States v. Goffer*, 721 F.3d 113, 124 (2d Cir. 2013) (citations and internal quotation marks omitted).

However, "specious inferences are not indulged, because it would not satisfy the Constitution to have a jury determine that the defendant is *probably* guilty." *United States v. Lorenzo*, 534 F.3d 153, 159 (2d Cir. 2008) (citations and internal quotation marks omitted); *United States v. Pauling*, 256 F. Supp. 3d 329, 334 (S.D.N.Y. 2017) (stating that the Court "must take seriously [its] obligation to assess the record to determine . . . whether a jury could *reasonably* find guilt[] beyond a reasonable doubt" in order to protect the "constitutional requirement" of a defendant's Fifth Amendment rights (citations omitted)). "A criminal defendant who challenges the sufficiency of evidence shoulders a heavy burden, but not an impossible one." *United States v. Jones*, 393 F.3d 107, 111 (2d Cir. 2004) (citations omitted).

Thus, "[i]f the evidence viewed in the light most favorable to the prosecution gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence, then a reasonable jury must necessarily entertain a reasonable doubt." *Lorenzo*, 534 F.3d at 159 (citations and internal quotation marks omitted). And, "[a]lthough it is well established that 'the prosecution may prove its case entirely by circumstantial evidence,' there must be 'a sufficient evidentiary predicate to support the conclusion [reached].' '[A] conviction based on speculation and surmise alone cannot stand.'" *United States v. Fleurissaint*, No. 03 CR 906 (RPP), 2005 WL 120350,

3

at *3 (S.D.N.Y. Jan. 20, 2005) (quoting *United States v. Glenn*, 312 F.3d 58, 64 & 70 (2d Cir. 2002)).

## II. THE EVIDENCE PRESENTED AT TRIAL IS INSUFFICIENT TO SUSTAIN MR. LIU'S CONVICTION

No rational juror could have found Mr. Liu guilty of conspiracy to obstruct the Department of State's function of issuing visas to foreign nationals based on truthful and accurate information, or the Department of Homeland Security's administration of the J-1 research scholar program based on truthful and accurate information, because the government failed to prove that such an unlawful conspiracy existed and that Mr. Liu knowingly or willfully joined it. The government's evidence also failed to prove its single overt act was anything but preparatory, and, thus, that venue in the Southern District of New York was proper. The government's failure of proof warrants acquittal.

### A. Legal Standard

The Court instructed the jury with the following regarding the conspiracy charge: "In order to sustain its burden of proof, the government must prove three elements beyond a reasonable doubt: first, that the charged conspiracy existed; second, that the defendant, knowing that the purpose of the agreement was unlawful, voluntarily joined the agreement with the intent to accomplish the unlawful purpose; and, third, that at least one member of the conspiracy knowingly took some action in furtherance of the conspiracy." Tr. 1390.

The Second Circuit has explained that:

4

> To sustain a conspiracy conviction, *the government must present some evidence from which it can reasonably be inferred that the person charged with conspiracy knew of the existence of the scheme alleged in the indictment and knowingly joined and participated in it. Where the crime charged is conspiracy, a conviction cannot be sustained unless the Government establishes beyond a reasonable doubt that the defendant had the specific intent to violate the substantive statutes.* To convict a defendant as a member of a conspiracy, the government must prove that the defendant agreed on the essential nature of the plan, and that there was a conspiracy to commit a particular offense and not merely a vague agreement to do something wrong.
>
> Once a conspiracy is shown to exist, the evidence sufficient to link another defendant to it need not be overwhelming. *But suspicious circumstances . . . are not enough to sustain a conviction for conspiracy, and mere association with those implicated in an unlawful undertaking is not enough to prove knowing involvement; likewise a defendant's mere presence at the scene of a criminal act or association with conspirators does not constitute intentional participation in the conspiracy, even if the defendant has knowledge of the conspiracy.*

*Lorenzo*, 534 F.3d at 159-60 (emphases added) (citations and internal quotation marks omitted); *see also United States v. Coplan*, 703 F.3d 46, 62 (2d Cir. 2012) ("To sustain a conspiracy conviction, the Government must present some evidence from which it can reasonably be inferred that the person charged with conspiracy knew of the existence of the scheme alleged in the indictment and knowingly joined and participated in it." (quoting *United States v. Rodriquez,* 392 F.3d 539, 545 (2d Cir. 2004)).

In *Coplan*, the Second Circuit reversed the conspiracy convictions of two Ernst & Young tax partners, including their *Klein* conspiracy convictions, finding the evidence insufficient to support the government's claims that the defendants

5

participated in a scheme to mislead the IRS about the purported business purposes and reasons for conducting tax shelter transactions, despite various steps the defendants took to ensure that the IRS would not learn the true purposes of the transactions. 703 F.3d at 62-76. The Second Circuit engaged in a detailed analysis of the evidence and rejected the government's arguments with respect to these defendants. *Id*.

For example, the Second Circuit in *Coplan* rejected as insufficient a series of acts that the government argued "while not 'inherently deceptive,' were deceptive 'in the context of this case.'" 703 F.3d at 64-65. The Second Circuit also rejected as insufficient evidence that the E&Y partners suggested to tax shelter clients to keep their entities open and active after the tax results were achieved in order to bolster "bogus descriptions" of the tax shelters. *Id*. at 65. In rejecting this evidence as supporting a *Klein* conspiracy conviction, the Second Circuit stated, "[t]here is no dispute, however, that the substance of the advice advocated lawful trading activity." *Id*.

Moreover, in *Coplan*, the prosecution faulted the E&Y defendants for their suggestions that no promotional materials be left with tax shelter clients so that the IRS would be less likely to obtain those materials as part of any potential audit. 703 F.3d at 64. The Second Circuit tersely rejected this theory, noting that there was no evidence that the IRS requested the promotional materials from E&Y, "or that governing ethical standards required E&Y to disclose those materials in the absence of such a request." *Id*.

6

### B. The Evidence Is not Sufficient to Prove that a Conspiracy to Defraud the United States or to Commit Visa Fraud Existed

The government failed to offer sufficient evidence from which it could be reasonably inferred that the charged conspiracy to obstruct the United States or to commit visa fraud existed. *See* Superseding Indictment ¶ 3; *see also* Tr. 152-219; 492-522. The government did not prove that Mr. Liu had any involvement in obtaining Ms. Liang's J-1 visa, that Ms. Liang's visa was obtained by fraud, or that Mr. Liu had any legal duty that would permit a prosecution for any agreement by him to conceal information from the United States relating to Ms. Liang's visa. Nor did the government prove that there was any agreement to secure a visa for Ms. Sun based on false representations. *See Fleurissaint*, No. 03 CR 906 (RPP), 2005 WL 120350, at *3 (stating that "[a] conviction based on speculation and surmise alone cannot stand.") (citations omitted).

### C. The Evidence Is not Sufficient to Prove that Mr. Liu Knowingly Joined and Participated in the Charged Conspiracy with the Requisite Specific Intent

Even if there were sufficient proof of the existence of the charged illegal agreement to obstruct the lawful functions of the United States by deceitful conduct or to commit visa fraud, the evidence at trial failed to show that Mr. Liu knowingly joined any such unlawful agreement with the requisite intent. *See* Superseding Indictment ¶¶ 1,3; *see also* Tr. 42:9-10. The government's only evidence that Mr. Liu joined its charged conspiracy are statements he made to Ms. Liang and others advocating compliance with visa requirements, and inquiries that he made to others

regarding a potential sponsor for Ms. Sun that neither contained nor advocated the use of falsehoods. *See Coplan*, 703 F.3d at 62. With respect to Ms. Liang, the government's evidence failed to prove that her sporadic assistance with CAIEP matters was legally inconsistent with being a bona fide research scholar, let alone that Mr. Liu knew that it was and sought to participate in an agreement to violate her visa. And, because Mr. Liu was unquestionably not involved in obtaining Ms. Liang's visa, the government's failure to establish that Mr. Liu had any legal duty of disclosure to the government about Ms. Liang's activities means that their concealment theory fails. *See Id.* at 64. With respect to Ms. Sun, the government's evidence showed nothing beyond nascent, hypothetical inquiries *not based on falsehoods*, and thus failed to prove any knowing or willful participation by Mr. Liu in any fraudulent conspiracy. *See Lorenzo*, 534 F.3d at 159-60.

Moreover, the government did not prove beyond a reasonable doubt that Mr. Liu knew and understood research scholars' obligations to their sponsors, or the complex and ill-defined laws and regulations regarding J-1 visas, let alone that he willfully participated in an agreement to violate them. Thus, the government did not prove that Mr. Liu knowingly joined the conspiracy with the requisite intent, and the Court should enter a judgment of acquittal. *See Lorenzo*, 534 F.3d at 159-60 ("But suspicious circumstances . . . are not enough to sustain a conviction for conspiracy").

### D.  The Government Failed to Prove Motive

The government did not prove that Mr. Liu was motivated to participate in the conspiracy because he needed a deputy to help him engage in talent recruitment

work. *See* Superseding Indictment ¶ 4; *e.g.*, Tr. 37, 218:24 – 219:2; Tr. 70, 1251. There was no evidence presented of any such need, and the sporadic assistance Ms. Liang provided bore no relation to the "full-time" work the government alleged and argued. In addition, the government presented no evidence that Mr. Liu needed Ms. Liang's help to conduct talent recruitment.

### E. The Government Failed to Prove its Overt Act and Venue in the Southern District of New York

The government's evidence of venue in the Southern District of New York was limited to Mr. Liu briefly transiting the Southern District on his way to a meeting at the University of Massachusetts at Boston. Although the case law in the Second Circuit currently permits this type of passing-through theory of venue in conspiracy cases, properly analyzed, this kind of transient, preparatory activity that is unrelated to any kind of trafficking crime, is not a sufficient overt act or sufficient venue. Thus, Mr. Liu merely seeks to preserve his insufficiency of the overt act and venue arguments for appeal to the Second Circuit.

## CONCLUSION

For the foregoing reasons, the Court should grant Mr. Liu's motion for a judgement of acquittal.

Dated:   April 21, 2022
         New York, New York

                                             Respectfully submitted,

                                             _/s/ Justin S. Weddle_____
                                             Justin S. Weddle
                                             Julia I. Catania
                                             Brian Witthuhn
                                             WEDDLE LAW PLLC
                                             250 West 55th Street, Fl. 30
                                             New York, NY 10019
                                             212-997-5518
                                             jweddle@weddlelaw.com

                                                    -and-

                                             Valerie Y.C. Wong
                                             WONG, WONG & ASSOCIATES, P.C.
                                             150 Broadway, Suite 1588
                                             New York, NY 10038
                                             (212) 566-8080